HIGGINS, NEVILLE & BODDY v. WOOD, *County Treasurer, et al.*

No. 3392.    Opinion Filed October 13, 1914.

(143 Pac. 662.)

1.  **EQUITY—Jurisdiction—Remedy at Law.**  A court of equity will not grant relief where, at the time, there is plain, specific, and adequate remedy at law.

2.  **TAXATION—Collection of Tax—Sufficiency of Petition.**  Where the petition for injunction shows that the complaining party has failed to bring himself within the terms of the statute (section 7354, Rev. Laws 1910), such petition is bad on demurrer for failure to state sufficient facts to entitle plaintiff to equitable relief.

(Syllabus by the Court.)

*Error from Superior Court, Pittsburg County;*
*Phil. D. Brewer, Judge.*

Action by Higgins, Neville & Boddy against J. I. Wood, County Treasurer, and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Fuller & Porter,* for plaintiffs in error.

*Charles West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for defendants in error.

LOOFBOURROW, J.  The petition in this case alleges, in substance, that the plaintiffs are residents of Henrietta, Tex.; that on or about the month of April, 1910, plaintiffs moved into Kiowa township, Pittsburg county, state of Oklahoma, approximately 1,000 head of cattle, leasing pasture therefor from various parties in said township, with the intention of feeding said cattle a reasonable length of time and then shipping the same on to St. Louis to market; that while said cattle were grazing in said Kiowa township, Pittsburg county, state of Oklahoma, the assessor of said township, without the knowledge or consent of plaintiffs, listed said cattle for taxation, and on the 13th day of January, 1911, the said defendant, J. I. Wood, as county

treasurer of Pittsburg county, notified plaintiffs that the tax levied by virtue of said assessment aforesaid upon said cattle aforesaid was $227.25, together with $3.41 penalty; that this notice from said treasurer of Pittsburg county was the first and only notice up to this time that plaintiffs have had of the listing of said cattle and the taxing of the same in Pittsburg county, state of Oklahoma; that attached hereto, marked "Exhibit A," and made a part of this petition, appears a copy of said statement; plaintiffs further allege that these cattle were listed for taxation in Archer county, Tex., in the same year prior to being removed to Pittsburg county, Okla., and said taxes became due and payable and were paid by the plaintiffs, and attached to the petition are copies of the tax receipts. Plaintiffs further allege that the officials of Pittsburg county are threatening and intend to collect the taxes so levied against them in that county and pray for an injunction restraining and enjoining said officers from proceeding to the collection of such taxes. To this petition the defendants demurred, which demurrer was by the trial court sustained. Plaintiffs electing to stand upon their petition, judgment was entered in favor of the defendants; from this judgment plaintiffs appeal.

The Attorney General, in behalf of the defendants, insists that this action cannot be maintained; that the plaintiffs have an adequate remedy at law which must be pursued. Section 7354, Rev. Laws 1910, provides:

"Whenever, at any of the regular meetings of said boards (in January, April, July or October), upon complaint of the person beneficially interested, his agent or attorney, it shall be made to appear by the testimony of the claimant and at least one reputable witness, borne out by the records of the county, that the same property, whether real or personal, has been assessed more than once for the taxes of the same year, or that property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject, the board is hereby empowered to issue to the complainant a certificate of error showing that the complaint has been investigated by the said board," etc.

The contention of the Attorney General is amply supported by the decisions of this court. See *Fast v. Rogers,* 30 Okla. 289, 119 Pac. 241; *Wilson v. Wiggins,* 7 Okla. 517, 54 Pac. 716; *Carroll v. Gerlach, Treas.,* 11 Okla. 151, 65 Pac. 844. See, also, *Stonebraker v. Hunter* (not reported) opinion by Judge Cotteral. The later case, being appealed to the United States Circuit Court of Appeals of the Eighth Circuit, was affirmed June 16, 1914, 215 Fed. 67.

The judgment of the trial court is therefore affirmed.

All the Justices concur.