**PERRY, County Treasurer, et al. v. CARSON**

No. 3432—Opinion Filed Nov. 14, 1916.

(161 Pac. 175.)

**1. Equity—Jurisdiction—Remedy at Law.**

Relief will not be granted by a court of equity where at the time there is a plain, specific, and adequate remedy at law.

**2. Taxation—Assessment — Remedies for Wrongful Assessment.**

Whenever the statutes of the state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Resort cannot be had to equitable remedies.

**3. Same.**

Article 9, ch. 81, Sess. Laws 1907-08, providing for the listing and assessing of omitted property, known as the Tax Ferret Law, provides a remedy by appeal to the county court from the final action of the county treasurer upon any assessments of omitted property made thereunder to the party aggrieved, and where the aggrieved party neglects or refuses to avail himself of the remedy provided by statute for the correction of error of which he complains, the court is without jurisdiction to exercise its equitable powers by restraining the collection of taxes due under such assessment.

(Syllabus by Rummons, C.)

Error from Superior Court, Pottawatomie County; George C. Abernathy, Judge.

Action by E. T. Carson against W. C. Perry, County Treasurer, and others. Judgment for plaintiff, and defendants bring error. Reversed, with instructions.

Chas. West, Atty. Gen., C. J. Davenport, Asst. Atty. Gen., C. P. Holt, of Shawnee, and Hoffman & Foster, for plaintiffs in error.

Blakeney, Maxey & Miley, for defendant in error.

Opinion by RUMMONS, C. This action was instituted in the superior court of Pottawatomie county by the defendant in error, hereinafter styled the "plaintiff," against the plaintiffs in error, hereinafter styled the "defendants," to enjoin the collection of certain taxes assessed against the plaintiff un-

der the Tax Ferret Law, upon property which had been omitted from taxation in previous years and discovered by the tax ferret. The defendants demurred to the petition of plaintiff, which demurrer was overruled and exception allowed. At the commencement of the action a temporary injunction was granted, which, upon trial, was made permanent. The defendants in due time moved for a new trial, which motion being overruled, and having duly excepted, they bring this cause here to reverse the judgment of the trial court.

The principal contention of defendants is that the petition of the plaintiff and the evidence offered at the trial do not warrant the interposing of the equitable remedy of injunction, for the reason that the plaintiff had a complete and adequate remedy at law.

It is contended on behalf of the plaintiff that the evidence discloses that one C. H. Pittman was employed under authority of article 9, c. 81, Session Laws 1907-08, to assist the county officers of Pottawatomie county in discovering and placing on the tax rolls omitted property; that, pursuant to said employment, said Pittman alleged that he had discovered certain omitted property belonging to the plaintiff, and so reported to the county treasurer; that the county treasurer failed and neglected to give to the plaintiff the ten days' notice in which to file objections to the assessing of such property, as required by said act of the Legislature. It appears, however, that the plaintiff did file objections to the assessment of the property claimed to have been omitted from taxation. Plaintiff contends that the proceedings taken to assess said property and place it upon the tax rolls are wholly void, in that the county treasurer did not pass personally upon the objections made by plaintiff, but submitted the same to the said tax ferret, Pittman, and, acting upon his recommendation, spread said assessment upon the tax rolls.

Plaintiff contends that the proceedings which resulted in the assessment of taxes, sought to be enjoined against him, were wholly void, and therefore that injunction was his proper remedy.

The provisions of the act of the Legislature, material for our consideration, are as follows:

"The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed as required by existing laws, and fix the compensation not to exceed twenty five per cent. of the taxes recovered under this act. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court from the final action of the treasurer within ten days by giving notice thereof in writing and filing an appeal bond as in cases appealed from the board of county commissioners to the district court."

We are unable to agree with the contention of plaintiff that the proceedings resulting in the assessment of taxes complained of were void, for the reason that the statute gave the county treasurer jurisdiction to act upon the report of the tax ferret and the objections filed thereto. Plaintiff, having filed objections, thereby appeared before the county treasurer and cannot complain of want of notice. If the treasurer had jurisdiction to act upon his objections, the fact that he may have acted without considering the evidence, and upon the judgment of another, would constitute an erroneous proceeding only, and not a void one, had the statute above quoted required the treasurer to hear evidence, which it does not. However, it appears from the record in this case that the plaintiff agreed and consented that the valuation of the property upon which the assessment was made, as made by the county treasurer, was correct.

The statute under which this assessment was made provides:

"An appeal may be taken to the county court from the final action of the treasurer, within ten days."

It thus appears that if the county treasurer acted upon insufficient evidence, or upon no evidence, as contended in the brief of plaintiff, the Legislature had provided a means of review of the action of the county treasurer of which plaintiff might avail himself.

It has been repeatedly held by this court "that relief will not be granted by a court of equity, where at the time there is a plain, specific, and adequate remedy at law," and, "where the statutes provide a plain, specific, and adequate remedy for the correction of erroneous assessments, a court will not exercise its equity powers by restraining the collection of taxes due under an alleged error in assessment, where the complaining party neglects or refuses to avail himself of the remedy provided by statute for the correction of the error of which he is complaining." Fast v. Rogers, 30 Okla. 289, 119 Pac. 241.

Again, in Williams v. Garfield Exchange Bank of Enid, 38 Okla. 539, 134 Pac. 863, it is held:

"Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Equitable remedies cannot be resorted to."

Under these authorities, it is apparent that the only remedy of plaintiff against the action taken by the county treasurer consisted in appeal to the county court under the provisions of the statutes, and that he was not entitled to maintain an action of injunction to restrain the collection of the taxes levied against him.

The trial court therefore erred in granting a permanent injunction restraining the collection of said taxes, and this cause should be reversed and remanded to the trial court, with instructions to dismiss the petition of plaintiff.

By the Court: It is so ordered.