**BUSEY, County Treas., et al. v. PREHISTORIC OIL & GAS CO.**

No. 9754—Opinion Filed July 20, 1920.

Rehearing Denied Aug. 31, 1920.

(Syllabus by the Court.)

1. **Equity—Right to Relief—Remedy at Law.**

Relief will not be granted by a court of equity where, at the time, there is a plain, specific, and adequate remedy at law.

2. **Taxation—Assessment and Equalization—Appeal—Equity.**

Whenever the statutes of the state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Resort cannot be had to equitable remedies.

3. **Same—Appeal from Assessments—Tax Ferret Law.**

Article 9, c. 81, Sess. Laws 1907-08, providing for the listing and assessing of omitted property, known as the Tax Ferret Law, provides a remedy by appeal to the county court from the final action of the county treasurer upon any assessments of omitted property made thereunder to the party aggrieved, and where the aggrieved party neglects or refuses to avail himself of the remedy provided by statute for the correction of error of which he complains, the court is without jurisdiction to exercise its equitable powers by restraining the collection of taxes due under such assessment.

Error from District Court, Hughes County; W. M. Engart, Special Judge.

Actions by the Prehistoric Oil & Gas Company for dissolution of corporation, W. C. Rogers protesting, and by same company against J. F. Busey, County Treasurer, to enjoin collection of taxes. Causes consolidated, judgment for plaintiff, and the other parties bring error. Reversed and remanded.

Diamond & Orr, for plaintiffs in error.

M. S. Singleton, for defendant in error.

JOHNSON, J. This appeal is one in which two causes in the district court of Hughes county were consolidated and tried before the court on an agreed statement of facts. One to dissolve a corporation and the other to enjoin J. F. Busey, county treasurer of Hughes county, from collecting taxes for the years 1916 and 1917 on the capital stock of the Prehistoric Oil & Gas Company, said capital stock being in the sum of $20,000.

The appeal is by a transcript of the record, which discloses that: In September, 1917, the defendant in error, the Prehistoric Oil & Gas Company, a corporation, filed its application and petition for dissolution as a private corporation in case numbered 2454 in the district court of Hughes county, Oklahoma. On the 25th day of October, the plaintiff in error W. C. Rogers filed in said cause his protest and objection to the dissolution of said corporation on the ground that all claims and demands against said corporation had not been satisfied or discharged as required by law.

On the 21st day of November, 1917, the defendant in error, the Prehistoric Oil & Gas Company, filed in the district court of Hughes county, in case numbered 2512, its petition for injunction against the plaintiff in error J. F. Busey, county treasurer of Hughes county, Oklahoma. to restrain him from proceeding in the hearing and assessing its taxes discovered by the tax ferret. Plaintiff in error J. F. Busey, county treasurer of Hughes

county (the defendant in said case number 2512), filed, by his attorneys, a pleading styled "motion," which in effect was a demurrer.

The two causes, No. 2454 and No. 2512, as set out above, with the issues duly joined, were on November 24, 1917, consolidated and given the number 2454, and came on for trial on said date before Judge Wm. Engart, special judge.

The court thereupon found for the defendant in error, the Prehistoric Oil & Gas Company, on the issue joined in both causes and granted said defendant in error an injunction against the county treasurer and granted an order authorizing dissolution of said corporation as prayed for. From this judgment, plaintiffs in error appealed and assign error:

"First. That the court erred in overruling the 'motion' of plaintiffs in error to dismiss petition of defendant in error for injunction.

"Second. That the court erred in granting defendant in error an injunction.

"Third. That the court erred under the agreed statement of facts in finding that the taxes sought to be levied and collected were illegal and void.

"Fourth. That the court erred in granting defendant in error an order of dissolution"

—concerning which assignments plaintiffs in error say in their brief:

"The first two assignments of error will be argued together. It is the contention of the plaintiffs in error that injunction was an improper remedy in this case. It is a well-settled principle and enunciated by this court, time after time, where there is an adequate remedy at law, an injunction will not lie.

"It seems clear to us that in this case the defendant in error had an adequate remedy by appealing to the county court and from there to the Supreme Court and hence this remedy of injunction should have been denied. Section 7449 of Rev. Laws 1910, provides:

"'The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed or assessed, as required by existing laws, and fix a compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days notice thereof, by registered letter, addressed to him at his last known place of residence, fixing the time and place when objection in writing to such improper listing and assessment may be made. An appeal may be taken to the county court from final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond,

as in cases appealed from the board of county commissioners to the district court.'"

The material part of plaintiff's petition in case No. 2512, the injunction suit, is as follows:

"Plaintiff states that it is a corporation created and doing business under the laws of the state of Oklahoma, with a capital stock of $20,000; that defendant is treasurer of Hughes county, state of Oklahoma; that on October 12th, 1917, defendant sent plaintiff notice of proposed assessment by him under the Tax Ferret Law, for purposes of taxation for the years 1916 and 1917, of its capital stock amounting to said sum of $20,000, and that the proposed taxes would be for the year 1916, $750, and for the year 1917, the sum of $800; that said notice read in part as follows:

"'Your personal taxes have been certified to me by the tax ferret for collection for the years 1916 and 1917, and your assessment is $20,000, same being the amount of your capital stock and said capital stock being taxable in the city of Holdenville, Hughes county.'

"That thereafter and on or about the 17th day of October, 1917, plaintiff filed its protest in writing to such proposed assessment of its capital stock for taxation, and showing therein that it was not the owner of any of its capital stock for either of said years, alleging that same had been sold to private individuals and the proceeds thereof invested in real and personal property which had been duly assessed and the taxes thereon paid for the years 1916 and 1917. That notwithstanding said protest said defendant has set said matter for hearing and intends to proceed to hear said matter, and will, unless restrained, require this plaintiff to appear and contest said matter before him, or suffer default to be taken; that said capital stock is not subject to taxation for either of said years, for the reason that plaintiff did not own same; that such capital had been sold to private individuals and the proceeds invested in real and personal property on which the taxes for said years had been paid. That such proposed proceedings on the part of the defendant are void. That unless restrained, defendant is liable to overrule the objections and protest of this plaintiff and extend such taxes on the rolls in his office and make it necessary for plaintiff to appeal from his ruling. That plaintiff has filed an application in this court for its dissolution and that said defendant has filed a claim for such taxes in said proceeding and is resisting the dissolution of this corporation because of said claim for taxes. Wherefore plaintiff says that it is entitled to an injunction enjoining the defendant from taking any further steps or action in said proposed assessment; that plaintiff has no adequate remedy at law.

"Wherefore, plaintiff prays an injunction herein against said defendant enjoining and

restraining him from taking any further steps, actions or proceeding in said proposed assessment of its capital stock for taxation for the years 1916 and 1917, and for its costs."

The defendant's motion or demurrer to the petition alleged as follows:

"Comes now J. F. Busey, county treasurer of Hughes county, and by his attorneys, Diamond and Sherrow, moves the court to dismiss the petition for injunction filed herein this 24th day of November, 1917, and for ground thereof, says:

"First. That the district court of Hughes county, Oklahoma, is without jurisdiction of the subject-matter.

"Second. That said plaintiff has an adequate and effective remedy at law.

"Third. That said petition does not state facts sufficient to entitle said plaintiff to the equitable relief prayed for.

"Wherefore, defendant prays that said petition be dismissed and that he go hence with his costs"

—which being overruled by the court, the defendant, J. F. Busey, filed his answer, consisting of a general denial.

The demurrer should have been sustained. The petition showed that the county treasurer was proceeding under the Tax Ferret Law, as was his duty to do, and unless restrained would determine whether or not the plaintiff should be assessed for taxes for the years 1916 and 1917. This stated no cause for injunctive relief.

The essential part of the judgment rendered by the trial court is as follows:

"Wherefore, the petition of the Prehistoric Oil & Gas Company praying for an injunction to issue to J. F. Busey, county treasurer of Hughes county, Oklahoma, restraining him from taking any further action in regard to placing said capital stock of the Prehistoric Oil & Gas Company on the tax rolls for the years 1916 and 1917, is sustained, and it is ordered, adjudged, and decreed that J. F. Busey, county treasurer of Hughes county, be, and he is hereby enjoined and restrained from further proceeding in the matter of taxation of said Prehistoric Oil & Gas Company, for the years 1916 and 1917.

"The court further finds that the said Prehistoric Oil & Gas Company is entitled to an order of dissolution, and it is further ordered that said Prehistoric Oil & Gas Company be, and it is hereby dissolved."

The transcript shows that the county treasurer proceeded regularly under the section of the statute, supra, and that the plaintiff was notified and filed its protest in writing to such proposed assessment. And there-

after, before the hearing thereof, the plaintiff instituted a suit for injunction against the county treasurer with the result stated, and from an order of the court in said cause granting the injunction this appeal is prosecuted.

The precise question here involved was decided by the court in the case of Perry, Co. Treas., et al. v. Carson, 61 Okla. 263, 161 Pac. 175, wherein article 9, c. 81, Sess. Laws 1907-08, the provision herein involved and known as the Tax Ferret Law, was under consideration, and in the body of the opinion this court said:

"The statute under which the assessment was made, provides: 'An appeal may be taken to the county court from the final action of the treasurer, within ten days.'

"It thus appears that if the county treasurer acted upon insufficient evidence, or upon no evidence, as contended in the brief of plaintiff, the Legislature had provided a means of review of the action of the county treasurer of which plaintiff might avail himself.

"It has been repeatedly held by this court 'that relief will not be granted by a court of equity, where at the time there is a plain, specific, and adequate remedy at law,' and 'where the statutes provide a plain, specific, and adequate remedy for the correction of erroneous assessments, a court will not exercise its equity powers by restraining the collection of taxes due under an alleged error in assessment, where the complaining party neglects or refuses to avail himself of the remedy provided by statute for the correction of the error of which he is complaining.' Fast v. Rogers, 30 Okla. 289, 119 Pac. 241.

"Again, in Williams v. Garfield Exchange Bank of Enid, 38 Okla. 539, 134 Pac. 863, it is said: 'Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Equitable remedies cannot be resorted to.'

"Under these authorities it is apparent that the only remedy of plaintiff against the action taken by the county treasurer consisted in appeal to the county court under the provisions of the statutes, and that he was not entitled to maintain an action of injunction to restrain the collection of the taxes levied against him."

It is clear to us that the plaintiff's petition failed to state a cause of action, and that the defendant's demurrer should have been sustained and cause dismissed; that plaintiff had an adequate, legal remedy, that of appeal from the action of the county treasurer, if it felt aggrieved by such action, to the county court of Hughes county. The judgment of the trial court granting the injunction is reversed and the cause remanded,

with directions to proceed in accordance with the views herein expressed.

RAINEY, C. J., and HARRISON, KANE, PITCHFORD, and McNEILL, JJ.; concur.