Note.—See under (1) 4 C. J. pp. 1093, 1095, § 3075; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 459 et seq.; 4 R. C. L. Supp. 94; 5 R. C. L. Supp. 84. (2) 20 C. J. pp. 694, 696, § 153; anno. 23 L. R. A. 658; 7 L. R. A. (N. S.) 108; 36 L. R. A. (N. S.) 1201, L. R. A. 1915A. 383; 13 R. C. L. p. 102. (3) 38 Cyc. pp. 1543, 1547.

---

## LOWRIMORE v. BOARD OF COMR'S OF LATIMER COUNTY et al.

No. 15677—Opinion Filed Sept. 15, 1925.

(Syllabus.)

### 1. Equity—Adequate Remedy at Law.

Relief will not be granted by a court of equity where, at the time, there is a plain, specific, and adequate remedy at law.

### 2. Same—Remedy by Appeal from Board of County Commissioners.

Where the statutes of the state provide a mode by which appeals may be taken from the decision of the board of county commissioners, that remedy is exclusive. Resort cannot be had to equitable remedies.

Error from District Court, Latimer County; E. F. Lester, Judge.

Action by C. M. Lowrimore against the Board of County Commissioners of Latimer County, Lon Lovelace chairman; J. T. Estes, member; and S. Wofford, member. Judgment for defendants, and plaintiff brings error. Affirmed.

Philas S. Jones, for plaintiff in error.

Claud Briggs, for defendants in error.

PHELPS, J. The record in this case discloses that on the 27th day of October, 1923, an election was held in stock district No. 2 in Latimer county, Okla., to determine whether or not swine, sheep, and goats should be allowed to run at large within the confines of said district. On the 6th day of November, 1923, the county clerk and board of county commissioners of Latimer county met and canvassed the vote and declared the election, to restrain swine, sheep, and goats from running at large in said district, carried, and on November 9,

1923, plaintiff in error, who was plaintiff below, filed his action in the district court of Latimer county, praying that said court—

"Cancel said certificate of election and hold the same for naught and declare said alleged election, held on the 27th day of October. A. D. 1923, a nullity and hold the same void."

Defendants filed their motion to dismiss the petition of plaintiff upon the grounds that as plaintiff had an adequate remedy at law by appeal from the decision of the board of county commissioners, the court had no jurisdiction to grant equitable relief, and upon hearing the motion was sustained and the action dismissed, from which ruling of the court plaintiff prosecutes this appeal.

It will be observed that the sole question for us to determine is whether the trial court erred in dismissing plaintiff's petition upon the grounds that equitable relief will not be granted where plaintiff had a plain, specific, and adequate remedy at law. Section 5834, Comp. Stats. 1921, as amended by section 1, chapter 43, of the Session Laws of 1923, provides that:

"From all decisions of the board of commissioners, upon matters properly before them," an appeal may be taken to the district court by any persons aggrieved."

It will be observed that in the case at bar plaintiff made no effort to appeal from the decision of the board of county commissioners declaring said election carried, but within three days after their order was entered, so declaring, he filed his independent action in the district court to have their decision set aside, assigning a number of reasons therefor, all of which might have properly been considered upon appeal.

The early Supreme Court of the territory of Oklahoma, in Twine v. Carey, 2 Okla. 249, 37 Pac. 1096, laid down the rule that:

"A court of equity has no jurisdiction when it is apparent from the petition that the plaintiff had a remedy at law and failed to avail himself of it, and shows no good excuse for such failure."

This rule has been consistently followed by this court down to the present time. Fast v. Rogers, 30 Okla. 289, 119 Pac. 241; Higgins v. Wood, 43 Okla. 554, 143 Pac. 662; Perry v. Carson, 61 Okla. 263, 161 Pac. 175; Busey v. Prehistoric Oil & Gas Co., 79 Okla. 121, 191 Pac. 1033.

The last two cases cited involve questions of taxation, but in the second paragraph of the syllabus in each case this rule is laid down:

"Whenever the statutes of the state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive. Resort cannot be had to equitable remedies."

It will be observed that the only difference in the rule laid down in the cases just cited, and the one at bar is, that in the former, specific provision for appeal is made in the act, whereas there is no such special or specific provision in section 3938, Comp. Stats. 1921, but we must depend upon section 5834, supra, as amended by chapter 43, Sess. Laws of 1923, supra. However, in Board of Commissioners v. Haines, 4 Okla. 701, 46 Pac. 561, this court held that an appeal to the district court lies from the decision of the board of county commissioners involving the statutes regulating elections restraining domestic animals from running at large.

Therefore, in the light of these authorities, we have no difficulty in arriving at the conclusion that the district court of Latimer county committed no error in dismissing plaintiff's petition, for the reason that the law gave him the right to appeal and he failed to avail himself of such right without showing any legal reason for so doing.

The judgment of the district court of Latimer county is therefore affirmed.

NICHOLSON, C. J., and HARRISON, MASON, HUNT, CLARK, and RILEY, JJ., concur. LESTER, J., disqualified.

Note.—See under (1) 21 C. J. p. 36, § 14. (2) 21 C. J. p. 68, § 41.