## GLASSER et al. v. GOLTRY.

No. 18339. Opinion Filed Jan. 22, 1929.

Rehearing Denied April 30, 1929.

David Bucher, for plaintiffs in error.

McKeever, Moore & Elam, for defendant in error.

FOSTER, C. Charles W. Goltry, defendant in error, hereinafter called the plaintiff, filed his petition in the district court of Garfield county against Harry O. Glasser, the city of Enid, and the board of county commissioners of Garfield county, hereinafter called the defendants, wherein the plaintiff sought to have decreed and foreclosed a lien against two certain lots in the city of Enid, Okla., by virtue of a street improvement bond, issued by the city of Enid, for the permanent improvement of a street upon which the land against which the lien was sought to be decreed abutted, and against which lots a special assessment had been duly levied for the payment of said bond.

It was alleged in the petition, and the record supports the allegation, that all the ad valorem taxes and penalties on the tract of land against which the lien was sought to be foreclosed had been paid. By testimony and stipulation of the attorneys at the trial, it was made to appear that the defendant Harry O. Glasser was the owner of lots 13 and 14, in block 2, Reed's Second addition to Reed Hill, in the city of Enid, and was in the improvement district covered by the city of Enid improvement bonds, of which the bond held by the plaintiff was the last outstanding unpaid bond of the series; that neither the special improvement tax levied against the said lots for the retirement of the bond issue, nor the penalties thereon had been paid for any of the years for which the assessment was made; that demand for the payment of the bond had been made on the defendant property owner, Harry O. Glasser; that funds were not available in the hands of the city or county treasurer to retire the bond, and that there were no funds available to pay the same.

It was stipulated that the city of Enid was not liable upon the bond, and that, inasmuch as all ad valorem taxes had been paid, neither the city of Enid nor the board of county commissioners of Garfield county had any interest in the controversy.

Judgment was duly entered by the district court in favor of the plaintiff for the amount claimed to be due on the bond, together with interest at ten per cent. from the date of the bond, and decreeing the same to be a valid and subsisting lien against the lots owned by the defendant Glasser, and providing that, in the event the judgment should remain unpaid for a period of ten days from the date of rendition thereof, then that an order of sale, with appraisement, should issue, directing the sheriff to advertise and sell the property and make return of the writ with his proceedings thereon, and to apply the proceeds of the sale: First, to the payment of the costs of the action; second, to the payment of the plaintiff's bond with interest; and, third, the balance to be held subject to the further order of the court. Motion for a new trial was filed, overruled, and exceptions saved, and this appeal duly lodged in this court.

As stated by defendants in error in their brief, we think the only question in this case is, Has the owner of special improvement paving bonds the right to resort to a court of equity to foreclose his lien? Neither party has favored us with very extensive briefs on the subject, but inasmuch as the matters involved here are matters publici juris, we have given the matter our careful consideration, and we are of the opinion that the question must be answered in the negative. The levying and collecting of special assessments for local improvements, is a purely statutory proceeding and in derogation of the common law. There is a general rule that, where a statute creates a right and prescribes a remedy therefor, the remedy is exclusive. This principle applies to statutes which give the power to municipal or other public corporations to levy assessments for local improvements, and which provide for their collection. 25 R. C. L. p. 186.

Counsel for plaintiff do not contend that there is any special statute authorizing the foreclosure of liens for special assessments by a court proceeding, or that, if there is a special statute, they do not attempt to proceed under it in this action, but rather base their right to pursue the method herein attempted to be pursued upon the equitable maxim that, "equity will not suffer a wrong to be without a remedy." And they

say that, while we have a statute creating a valid lien, yet, there is no means of enforcement unless equity has jurisdiction, or unless resort may be had to the general lien law authorizing foreclosure by equitable proceedings.

We are of the opinion that counsel's conclusion is erroneous, and that the fallacy of their argument lies in the falsity of the premise upon which it is based. It is said that the statute providing for the collection of a special assessment affords no relief to the bondholder and is inadequate.

The principal cases relied upon by defendant in error to show that the law provides no adequate remedy for the enforcement of special assessments, such as the one in the case at bar, are as follows: Board of County Com'rs v. Hammerly, 85 Okla. 53, 204 Pac. 445; Nelson v. Pitts, 126 Okla. 191, 259 Pac. 533; Moore v. Otis, 275 Fed. 747.

These cases are not in point. The first case cited holds the 1919 law invalid, where it attempts to provide a different procedure for collection of taxes on property located in a city of the first class than for collection of taxes on property located elsewhere. The last two cases hold, in effect, that the law of 1919, as well as the law of 1923, cannot affect the contracts of bondholders who acquired their rights prior to the passage of the law. These cases do not even suggest that property cannot be sold for special assessments in the same manner as is provided for the sale of the property for ad valorem taxes. Furthermore, in the above cases, the bondholder was objecting to the sale. Here the bondholder is asking to have the property sold.

A reference to section 4618, C. O. S. 1921, and section 28, ch. 173, Sess. L. 1923, discloses that the statute provides a full, complete, and comprehensive system by which delinquent installments, penalties, and interest on special assessments for street improvements may be collected. The method provided has been in force in this state since statehood. It is provided, in substance, that the city clerk shall give a certain notice of the maturity of any installment on such assessments; and further provides that, if the installments with interest, be not paid on or before the 15th day of September, in each year, the city clerk shall then promptly certify said installment and interest to the county treasurer in which the city or town is located, which installment and interest shall be by the county treasurer placed upon the next delinquent tax list

prepared by the treasurer of said county, and "collected as other delinquent taxes are collected."

No reason is given, either in the petition or in any other part of the record, why the plaintiff did not resort to this statute for the collection of his bond together with the interest and penalty. We know of no reason why a judgment of foreclosure in a court of equity and a sale by the sheriff would afford the plaintiff any more speedy or complete or adequate remedy than would an advertisement and sale by the county treasurer, according to the provisions of the statute.

Plaintiff contends that, inasmuch as the statute providing for special assessments for street improvements creates a lien on abutting real estate, he may resort to a court of equity for his foreclosure, and says that this lien is a lien created by operation of law, citing section 7407, C. O. S. 1921. But we are of the opinion that the liens referred to in the above cited section are liens for debts, and have no reference to liens for taxes or special assessments for local improvements, and, while an assessment for local improvements is not a tax in the general acceptance of the term, yet it is not a debt within the general meaning of that term, but is a positive act of the government, and is a creature of the statute, and must be enforced in the manner provided by the statute. City of Sapulpa v. Land, 101 Okla. 22, 223 Pac. 640; Lane v. Oregon, 7 Wall. 71, 19 L. Ed. 101-103

We are of the opinion that this case is governed by the principle laid down in the case of City of Sapulpa v. Land, supra, in which this court said:

"The statutes of this state, sections 9730 to 9749, inclusive, Comp. Stat. 1921, provide a full and comprehensive system by which delinquent taxes on real estate may be collected by a sale of such real estate by the county treasurer, the collecting agency. Such method, being the only one authorized by the statutes, is exclusive for the enforcement of such tax liens, and a foreclosure of such liens in the district courts of this state is unauthorized."

That case involved foreclosure of both the ad valorem tax liens and special assessment liens, and we think the principle announced there is applicable to the case at bar.

Relief will not be granted by a court of equity when at the time there is a plain, specific, and adequate remedy at law. Lowrimore v. Board of County Com'rs of Latimer County, 113 Okla. 109, 239 Pac. 454.

We are of the opinion that, in this case, there was a plain, specific and adequate remedy at law by the sale of the property, against which the lien was claimed, by the county treasurer, and the collection of the delinquent assessments, "as other delinquent taxes are collected," and, for that reason, the district court of Garfield county had no jurisdiction to decree a foreclosure of the assessment lien.

For the reasons herein given, we are of the opinion that this cause should be reversed and remanded, with directions to the trial court to dismiss the plaintiff's petition.

TEEHEE, LEACH, HERR, and REID, Commissioners, concur.

By the Court: It is so ordered.