## EDWARDS v. PRATT, Rec.

No. 24977.   March 26, 1935.

E. E. Blake, for plaintiff in error.

Ames, Cochran & Monett, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county against plaintiff in error, defendant below, and in favor of defendant in error, plaintiff below. Hereinafter the parties will be referred to as they appeared in the trial court.

Plaintiff sued defendant for breach of covenant of warrant in a warranty deed by which defendant conveyed certain real estate in Oklahoma county to plaintiff, charging that at the time of execution and delivery of the deed there were levied and assessed against the lands certain delinquent and unpaid paving and ad valorem taxes which plaintiff had been compelled to pay. Defendant answered and claimed that these taxes had been satisfied and canceled by decree of the district court of Oklahoma county in a general receivership action, in which said lands had been sold under an order in said action, free and clear of all taxes, liens, and incumbrances attaching prior to July 16, 1927, and that said taxes were not legal liens against said land, and that plaintiff paid the same voluntarily and without legal necessity or legal excuse, and tendered and offered to pay all taxes accruing since July 16, 1927, to date of his deed.

The cause came on for trial and was tried on a stipulation of facts, in which it was agreed that, in September, 1922, a receiver was appointed for the Atwood Refining Company in the district court of Oklahoma county, and that said receiver qualified and took charge of the properties of said company; that, on June 9, 1927, the receiver filed an application in said cause, reciting in general the ownership of the lands owned by the company and which included the lands deeded by defendant to plaintiff; that it was impractical and unprofitable to operate said refinery; that there was more than $9,000 in delinquent taxes against said properties for which numerous tax sale certificates had been issued and numerous parts of it had been sold at tax resale, and recommended that said property be sold free and clear of all liens, charges, and incumbrances of every kind, and that the proceeds be distributed to the persons and parties entitled to the same in order of their priority. In due course the application was heard, decree passed, sale of said properties to R. J. Edwards, defendant herein, made and confirmed. The decree directed the sale of the properties to be sold free and clear of all liens, taxes, charges, and incumbrances of every kind and character, and that the proceeds of said sale should be substituted in lieu of the property itself, and held for the benefit of the persons and parties entitled thereto in accordance with their priority, and further provided that from and after the entry thereof, all persons, firms or corporations, public and municipal claimants against said defendant corporation Atwood Refining Company or claimants of taxes against or liens upon said properties, be forever barred from asserting claims upon or lien upon said property.

In June, 1928, the receiver filed an application for a determination of claims and priorities and for an order of distribution of the funds in his hands, which amounted to the sum of $1,036.26. Due notice was given of this application and all parties appearing, including the county attorney of Oklahoma county, who appeared for Oklahoma county. On this hearing the court made an order distributing said funds after the payment of court costs, and directed that the balance of said fund be paid on the taxes accruing against said property for the years of 1918 to 1926, inclusive, in the inverse order of their accrual; that the court clerk paid to the county treasurer the balance, to wit, $754.84, being all of the pro-

ceeds remaining after the payment of the costs. The county treasurer applied this money to the delinquent taxes, but did not pay or satisfy special assessments against lots 17, 18, and 19, in block 26, for the years 1925 and 1926.

On October 16, 1928, R. J. Edwards, the purchaser of said properties and defendant herein, conveyed this land by warranty deed to plaintiff, L. W. Pratt, as receiver of the Electrol Refining Company, and afterwards plaintiff paid the sum of $2,770.96, being the paving taxes on a part of the property for the years 1925, 1926, and 1927, together with certain general taxes on part of the property for the years 1927 and 1928.

Therefore the question is, Does a court of equity in Oklahoma in a general receivership proceeding have jurisdiction to order and sell property in its custody free and clear of all delinquent taxes?

Our Statute Laws of 1931, secs. 12740 to 12760, inclusive (1921, sections 9730 to 9750, inclusive), provide a detailed procedure by advertisement, sale, resale, and issuance of tax deeds in the collection of delinquent taxes. In the case of City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, it is said in the sixth syllabus:

"The statutes of this state (sections 9730 to 9749, inclusive, Comp. St. 1921) provide a full and comprehensive system by which delinquent taxes on real estate may be collected by a sale of such real estate by the county treasurer, the collecting agency. Such method, being the only one authorized by the statute, is exclusive for the enforcement of such tax liens, and a foreclosure of such liens in the district courts of this state is unauthorized."

This case is followed and approved in the cases of Glasser v. Goltry, 136 Okla. 182, 276 P. 738. and the late case of State ex rel. Commissioners of the Land Office v. Board of Commissioners of Nowata County, 166 Okla. 78, 25 P. (2d) 1074. Therefore, it is settled that the only way that delinquent taxes on real estate may be collected in Oklahoma is the mode and procedure provided in the statute itself. It is exclusive, and being exclusive, of course any other mode or procedure is void.

Taxes are a perpetual lien, and having attached to the land, this lien cannot be divested by a sale under judicial process whether upon execution, decree of court or foreclosure of mortgage.

The third syllabus in the case of Board of County Commissioners of Woods County et al. v. State ex rel. Commissioners of the Land Office, 125 Okla. 287, 257 P. 778, says:

"A perpetual tax lien, having attached to land, is not divested by a sale of the land under judicial process, whether upon execution, decree of court, foreclosure of mortgage, or any other proceedings, in view of section 9724, Compiled Oklahoma Statutes 1921, and article 10, section 5, of the Constitution."

In the body of the opinion, the case of Bloxham v. Consumers Electric Light & Street Railroad Co. (Fla.) 18 So. 444, is quoted:

"The state's lien for taxes, having attached by the assessment of the property, could not be divested by a subsequent judicial sale even though the decree under which the sale was made should have directed that the property should be sold free from all incumbrances. * * * Mesker v. Koch, 76 Ind. 68."

The action of the receivership court was nothing more nor less than an attempt to satisfy and extinguish this tax lien by judicial sale. This is prohibited and cannot be done. The statutory procedure is exclusive, and, being so, there is no other way of extinguishing a delinquent tax lien except by payment or proceeding according to the statute.

The judgment of the receivership court is void. This appears upon the face of the record, and it is subject to attack any time and any way, and the unpaid taxes were a valid outstanding lien at the time Edwards conveyed to Pratt and the covenant of warranty in the deed was breached.

Defendant has cited a number of cases, but none from Oklahoma. He states that his procedure is patterned after the case of Mellen v. Moline Mal. Iron Works, 131 U. S. 352, 33 L. Ed. 178, and he likewise cites the case of Union Trust Co. v. Great Eastern Lumber Co., 248 F. 46, but neither of these cases nor any of the other cases cited are in point.

There is considerable discussion of the power and jurisdiction of courts of equity in general, as well as to what is or is not a collateral attack, but we do not deem it necessary to go into any discussion of those propositions.

We find that the decree of the receivership court attempting to cancel and satisfy these taxes is void, and that there is no error in the action of the court below, and its judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. R. Bostick, M. A. Breckinridge, and Donald L. Brown in the preparation of this opinion. These attorneys con-

stituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law, and facts was prepared by Mr. Bostick and approved by Mr. Breckinridge and Mr. Brown, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.