Accordingly, I find the defendants guilty.

RICHARDSON VISTA CORP. et al. v. CITY OF ANCHORAGE.
No. A–7442.

District Court, Alaska.
Third Division. Anchorage.
Oct. 11, 1952.

Hellenthal, Hellenthal & Cottis, Anchorage, for plaintiffs.
Ralph E. Moody, Anchorage, for defendant.

DIMOND, District Judge.

In an opinion in this case dated February 29, 1952, on a motion to dismiss, the Court directed that the plaintiffs file a verified amended and supplemental complaint stating the facts with relation to the filing of plaintiffs' annual reports and payment of annual license fees as required by law, but reserved decision on another question raised on the motion to dismiss involving what was said to be a statute of limitations based upon Chapter 8, Sec. 503.1 of the General Code of Ordinances of the City of Anchorage.

After the filing of the amended and supplemental complaint, the defendant again moved to dismiss the complaint and the amended and supplemental complaint upon the ground that the plaintiffs' action was barred by the municipal statute of limitations set out in the section of the General Code of Ordinances of the City of Anchorage above mentioned for the reason that plaintiffs, by reason

of failure to file corporation reports, were not authorized to bring the action.

■ The real question is whether any such period of limitations as is provided in Chapter 8, Sec. 503.1 supra, is valid. The general rule is that a municipality cannot vest in a state court jurisdiction to hear appeals from a municipal court without legislative authority to do so. 2 McQuillen on Corporations 158; 9 id. 722.

The subject was considered in Ballaine v. Seward, 1917, 5 Alaska 734. In that case, this Court, speaking through Judge Brown, held that the City Council had no power to enact such an ordinance and that no provision had been found in the then existing laws of Alaska providing for such appeals or giving the municipality the authority to authorize them. In Oregon, the Supreme Court of that State has arrived at the same conclusion, Wong Sing v. City of Independence, 1905, 47 Or. 231, 83 P. 387; City of Portland v. Stevens, 1947, 178 P.2d 175.

It has usually been held that municipal corporations are not empowered to confer jurisdiction on state courts with respect to other matters such as lien foreclosure suits and tax sales. City of Sapulpa v. Land, 1924, 101 Okl. 22, 223 P. 640, 35 A.L.R. 872; Glasser v. Goltry, 1929, 136 Okl. 182, 276 P. 738; Fulkerson v. Johnson, 1929, 138 Okl. 84, 280 P. 430; Wilson v. City of Medford, 1923, 107 Or. 624, 215 P. 184; Carstens & Earles v. Seattle, 1915, 84 Wash. 88, 146 P. 381.

■ There is no Alaska statute at the present time which authorizes the enactment of a city ordinance providing for or regulating appeals to the District Court, and therefore, the limitations ordinance is invalid.

The motion to dismiss is denied. Defendant may have ten days to answer.