DELINQUENT PERSONAL TAXES — AUTHORITY OF COUNTY OFFICERS (1) The Legislature having made it the duty of county treasurers in O.S.L. 1970, ch. 299, 4, to issue tax warrants for the collection of delinquent personal taxes, county treasurers are now authorized to issue warrants for the collection of personal taxes that were delinquent prior to April 28, 1970. (2) County offices have only such authority as is granted them by the Legislature. Since there is now no specific statutory authority for sheriffs to levy and make due return of warrants for the collection of delinquent personal taxes, sheriffs do not have such authority. The Attorney General has had under consideration your letter of August 12, 1970, in which you make the following inquiries: "Question 1. Are county treasurers now authorized to issue warrants for the collection of personal taxes that were delinquent prior to April 28, 1970, the effective date of said House Bill 1740? "Question 2. Is there now any authority of law for the sheriff to levy and make due return of warrants for the collection of delinquent personal taxes? "Question 3. If you determine our question 2 in the affirmative, what fees, if any, should be charged by the sheriff in levying or returning any such warrants?" You further state: "Section 3 of said act contains the following language 'The provisions of this act shall not apply to taxes which became due or payable prior to the effective date of this act."' and, "Section 4 of said act makes it the 'duty of the county treasurer to issue tax warrants for the collection of delinquent personal taxes upon the demand of any person, or whenever he shall deem it advisable."' then further you add: "Title 68 O.S. 24305 [68-24305], 68 O.S. 24306 [68-24306] [68-24306], 68 O.S. 24307 [68-24307], 68 O.S. 24308 [68-24308] and 68 O.S. 24309 [68-24309] (1968), relating to the duties of the sheriff in levying and returning warrants for the collection of delinquent personal taxes have been amended or repealed, resulting in the deletion of any statutory reference to such duties of the sheriff in connection therewith." The first sentence of Section 68 O.S. 24304 [68-24304] relating to taxes on real property being a lien was left intact by the last Legislature but the rest of the Section, which pertained to liens for taxes due upon personal property, was repealed also. There is now no mention in the Oklahoma Statutes of personal property taxes due or payable prior to April 28, 1970, being the basis for a lien, either on the personal property itself or on any other property. Article X, Section 7 Oklahoma Constitution, provides: "The Legislature may authorize county and municipal corporations to levy and collect assessments for local improvements upon property benefitted thereby, homesteads included, without regard to a cash valuation." County treasurers and county sheriffs, being county officers, have no more authority than is delegated to them by statute by the Legislature. They must levy and collect taxes under and by authority of the Legislature and must look to the statutes for direction in these matters since they have no inherent powers. See Herndon v. Anderson,165 Okl. 104, 25 P.2d 326, where in the syllabus we find in part: "1. A county is an involuntary, subordinate political subdivision of the state created to aid in the administration of governmental affairs of said state and for greater convenience in carrying on the public affairs. . . . "3. All taxes are levied and collected under and by the authority of the Legislature." As you state, Section 4 instructs "It shall be the duty of the county treasurer to issue tax warrants. . . .", but there remain no further instructions in the statutes regarding warrants for delinquent personal taxes. We are no longer advised to whom the warrants shall be issued, how they will be served or anything else. While as a technical matter county treasures are directed to issue warrants for the collection of delinquent personal taxes, as a practical matter there are no instructions as to how the warrants are to be issued or served, and the county treasurer does not have authority to formulate such instructions on his own. In Independent School District No. 39 v. Exchange Nat. Co., 164 Okl. 176, 23 P.2d 210 (1933), our Supreme Court quoted extensively from various cases as follows: "In the case of City of Sapulpa v. Land, 101 Okla., 22,223 P. 640, it is said: 'Taxes are not debts, but are the positive acts of the government, and are the creatures of statute, and must be enforced in the manner provided by the statute.' . . . . "In the case of Prince v. St. Louis S. F. Ry. Co.,110 Okla. 141, 237 P. 106, it is said: "Executive and ministerial officials enforce the tax laws, but in doing so they must keep strictly within the authority those laws confer. They neither have nor can have a roving commission to levy and collect taxes from the people without authority of law, but they can only do so in the manner prescribed by the law, which would be the governing rule for their conduct in levying taxes in all cases.' "In the case of Perham v. Putnam (Mont.) 267 P. 305, it is said: 'All proceedings in the nature of assessing property for purposes of taxation and in levying and collecting taxes thereon are in invitum, and must be stricti juris.' "In the case of National Lumber Creosoting Co. v. Burrows (Mo.App.) 284 S.W. 153, it is said: 'Levying of taxes is solely statutory and no other means can be employed to coerce payment than those pointed out in the statute.' "In the case of Board of Commissioners of Ness County v. Hopper, 110 Kan. 501, 204 P. 536, it is said: 'The entire subject of taxation is statutory: the method prescribed for the recovery of delinquent taxes is statutory, and does not exist apart from the statute.' "In the case of Borough of McKeesport v. Fidler, 147 Pa. 532, 23 A. 799, it is said: 'An assessment by a municipality for the cost of building a sewer is a tax.* * * A sewer assessment, being a tax, cannot be collected as an ordinary debt by a common law action, unless such remedy is given by statute."' In Edwards v. Pratt, 171 Okl. 257, 42 P.2d 506
(1935), our Court was discussing collecting delinquent taxes on real estate. While your questions pertain to delinquent personal taxes, the general principles would be the same. In that case the Court said: "Therefore, it is settled that the only way that delinquent taxes on real estate may be collected in Oklahoma is the mode and procedure provided in the statute itself. It is exclusive, and being exclusive, of course any other mode or procedure is void." See also United States v. Home Federal Savings and Loan Association of Tulsa, OK., 418 P.2d 319 (1966), where our Court again advised: "Because taxes are not debts but positive acts of the Government created by statute, they must be enforced as provided by statute." The Kansas Supreme Court perhaps expresses the law even more explicitly in Board of Commissioners of Sherman County v. Alden, Kan., 148 P.2d 509 (1944), when it advised: "In the first place, the methods prescribed for the recovery of delinquent taxes are wholly statutory, no methods exist apart from the statute, and whatever procedures, whatever remedies are available are to be found in the tax statutes. . . . . "Taxes, on the other hand, are not classed as debts in the usual sense of the term, and actions prescribed by the civil code do not lie for their recovery." At 51 Am. Jur., Taxation 651, we find that: "The obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed, and collected only in the method pointed out by express statute. ." and in Section 980 of that same subject we learn: "While the authority under which a tax is collected and the method of its collection lie in the discretion of the legislature, which may without violating constitutional warranties provide most summary methods, the statutes governing the collection of taxes are to be strictly construed against the state and all doubts resolved in favor of the taxpayer. The courts uniformly require strict compliance with the statutes." It seems that by general law then, county officials who are charged with collecting taxes must look to the statutes of the State for their methods and procedures. Since the statutes applicable to collection of personal taxes delinquent prior to April 28, 1970, have been repealed and the present collection procedures do not apply to those taxes, we have no procedure for their collection unless the repealed statutes still apply to those taxes. For the effect of a repealed statute we see at Article V, Section54 Oklahoma Constitution: "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Has the State any "accrued right" to the collection of the taxes in question? We do not think so. The power to tax, and, as an incident, to collect taxes, is inherent in government. The State cannot "accrue" a right by reason of its own act where it already had the right inherently. There is nothing more fundamental in law than that the government has inherent right to tax. Citations to this effect are too numerous to mention, but see, for example, In Re Skelton Lead and Zinc Co's Gross Production Tax For 1919, 81 Okl. 134, 197 P. 495 (1921), where the Court makes the following remark: "The validity of a 'property tax' is not determined by whether a state has power to levy such a tax, because such power is inherent, the power to raise the necessary revenue for government being inherent in the very fact of government itself. For the reasons set out above, it is the opinion of the Attorney General that your question number one should be answered in the affirmative. County Treasurers are now authorized to issue warrants for the collection of personal taxes that were delinquent prior to April 28, 1970. Your question number two should be answered in the negative. There is now no authority of law for the sheriff to levy and make due return of warrants for the collection of delinquent personal taxes. Our answer to your second question makes it unnecessary to answer your third question. (Norman Cannon)