CLEMENT L. RACEY v. MYRTLE A. RACEY AND SAM C. DAVIS.

(Filed June 9, 1903.)

EQUITY—Remedy at Law—Laches. The powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff had a plain and adequate remedy at law, and by his own laches or neglect failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before John L. McAtee, Trial Judge.*

W. H. C. Taylor, for plaintiff in error.

Mackey & Simons, for defendants in error.

STATEMENT OF FACTS.

Myrtle A. Racey, one of the defendants in error, on the 2nd day of November, 1900, instituted in the district court of Grant county, Oklahoma Territory, an action for divorce against Clement L. Racey, the plaintiff in error. Service was made by publication, and subsequently, on the 20th day of December, 1900, a decree was rendered in said action granting a divorce to said Myrtle A. Racey from said Clement L. Racey, and awarding her the custody of the minor child of said parties, and making certain provisions in the decree for alimony for the support and maintenance of said child.

On the 19th day of June, 1901, the plaintiff in error, Clement L. Racey began proceedings in the district court by

a petition in the nature of a bill of review, asking to have
said decree so rendered by the district court, canceled and
set aside, and asking that the defendants Myrtle L. Racey and
Sam C. Davis be enjoined from intermarrying one with the
other; alleging in said petition or bill of review as a cause
for the cancelling and setting aside of said judgment, that
the same was obtained without legal service; that no entry of
appearance was made by the plaintiff in error, Clement L.
Racey, and that the affidavit upon which the service by publi-
cation was made was defective; and for the further grounds
that the judgment and decree of the court was obtained
through fraud practiced upon the said Clement L. Racey by
the defendants, Myrtle L. Racey and Sam C. Davis.

To the petition or bill of review so filed, each of the de-
fendants in error filed a separate demurrer, which were by
the court sustained, and the plaintiff in error declining to
plead further, his action was dismissed. To the rulings upon
the demurrers and the dismissal of said action, plaintiff at the
time excepted, now excepts, assigns the same as error and
brings the case here for review. Affirmed.

Opinion of the court by

IRWIN, J.: This case, in our opinion, turns entirely
upon the first assignment of error, to-wit: The district court
erred in sustaining the demurrer of the defendant, Myrtle
A. Racey to plaintiff's petition. The plaintiff, in his brief,
in the outset makes the statement that this is a direct attack
upon the judgment rendered by the district court of Grant
county; hence no presumptions can be indulged in to sustain
the decree. We think this statement is error, as the proceed-

ings shown by the petition, it seems to us, is a collateral, and not a direct attack. Mr. Black in his Law Dictionary, page 219, under the head of "Collateral Impeachment" says:

"A collateral impeachment of a judgment or decree is an attempt made to destroy or evade its effect as an estoppel by re-opening the merits of the case or by showing reasons why the judgment should not have been rendered, or should not have a conclusive effect in a collateral proceeding; i. e., in any action other than that in which the judgment was rendered; for, if this be done upon appeal, error or *certiorari,* the impeachment is direct."

Hence, it will be seen by this definition that the ordinary direct attacks are by appeal, writ of error or *certiorari* and that attack by any other mode or procedure than in the judgment as rendered, is a collateral attack.

This case also presents a motion to dismiss filed by the defendant in error on the grounds that the plaintiff in error has waived his right to prosecute this action either in the district court or his appeal in this court, by reason of the fact that he has recognized the validity and binding force of the judgment of the district court, and has paid a portion of the decree; hence is now estopped from denying its validity. But we do not think it is necessary to decide this motion, as we think the case can be decided as a whole upon its merits more satisfactorily than to allow it to go out of court on a motion. This entire case turns upon whether the action of the district court of Grant county in sustaining the demurrer to the petition was correct or otherwise.

We take the rule to be sustained by abundance of authority that suits in equity will not be sustained to afford re-

lief in any case where a plain and adequate remedy may be had at law. Such is the doctrine laid down by the supreme court of the United States in the case of *Buzard v. Houston,* 119 U. S. 351.

Now, the question to be determined is, did the plaintiff in error here, the defendant in the court below, have such a plain, adequate and complete remedy at law as would prevent him invoking the aid of a court of equity?

This was an action brought to cancel and set aside a judgment rendered by the district court of Grant county on two grounds, viz: Insufficiency of the service by publication, and second, for fraud practiced by the successful party in obtaining the judgment complained of. In the code of civil procedure of this territory, Revised Statutes of 1893, page 860, section 586, contains this provision:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made. * * * * Second, by a new trial granted in proceedings against defendants constructively summoned, as provided in section 72. * * * * Fourth, for fraud practiced by the successful party, in obtaining the judgment or order."

The section 72 referred to in the foregoing section is the section which makes provision for obtaining service by publication.

Section 588 of the code of civil procedure provides:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions four, five, six, seven, eight and nine of section five hundred and eighty-six, shall be by petition, verified by affidavit setting forth

the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition a summons shall issue and be served as in the commencement of an action."

' Section 77 of the code of civil procedure, provides:

"A party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may, at any time within three years after the date of the judgment or order, have the same opened, and be let in to defend. ' Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all the costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. * * * * "

Now, it can be seen that these plain provisions of the statute were in full force and effect; that the relief asked for in this petition or bill of review could have been secured by applying to the court under and by virtue of these provisions.

Section 77 and article 2 of section 586, it seems to us, is designed to cover the case made in the first part of plaintiff in error's petition, that is, where the service by publication was defective. This provision could have been enforced by giving notice to the adverse party, and applying to the court in which the judgment was rendered. The fourth paragraph of that section, it seems to us, refers directly to the case made out in the latter part of this petition or bill of review; that is, that the judgment was obtained through fraud and this relief could have been had by filing the necessary

affidavit making the showing required by section 588 of the code of civil procedure.

In the case of *Henry Herbein v. A. E. Moore et al.* reported in 10 Okla. at page 317, this court says:

"The powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff had a plain and adequate remedy at law, and by his own laches or neglect failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect."

Now, it seems to us, that the provisions of the statute before cited make ample provision for a plain, adequate and complete remedy at law, and the petition itself states facts which clearly show that the defendant, Clement L. Racey, had actual knowledge of the fact that a divorce proceeding was pending in the district court of Grant county against him; and it further shows that if he had so desired he could have appeared in that court and defended against said proceedings.

In his petition in paragraph ten, he makes this statement:

"On a few days prior to December 20, 1900, the plaintiff, knowing of said proceedings for divorce and while making preparations to defend against the same, because the grounds for divorce stated in the petition therein were and are untrue, and he so informed his said wife, that she then and there pretended and stated to him that she was still in love with him, but that she was bound to have said divorce, so that they could remarry immediately and begin married life again as lovers and be happy together, so that in the future there could be no mistakes made between them. That she then and there again threatened that if plaintiff defended against said suit or resisted said divorce, she would have no more af-

fection for him and would never again live with nor associate with him; and that the sooner they were divorced the sooner they could be remarried."

This statement in the petition clearly shows that the plaintiff in error had actual knowledge of the pendency of the divorce proceeding and had ample and full opportunity to have appeared in court in that suit and defended against that action, which it seems to us would have been a full, complete and adequate remedy at law.

Now, under the decision of this court, the only remaining ing question is, has any valid cause or excuse been shown for such failure or neglect?

Now, let us consider what manner of excuse plaintiff in error offers for his failure to pursue his legal remedy and defend against the divorce proceedings which he knew were pending against him. In sections 10, 11, and 12, of his petition, plaintiff alleges that Mrs. Racey represented to him that if he resisted her action for divorce, she would not again associate or live with him, but that if he would not resist said action, she would immediately remarry him in order that they might begin married life again as lovers, and that a few days prior to Dec. 20, 1900, the plaintiff, (meaning the plaintiff in error herein), knowing of said proceedings for divorce, and while making preparations to defend against the same, she stated to him that she was still in love with him, but that she was bound to have the divorce so that they could remarry immediately, and begin life again as lovers, and be happy together, and that in the future there would be no mistakes made between them, and that the sooner they were divorced, the sooner they could remarry; that the plaintiff,.

(meaning the plaintiff in error herein), believing that they should remarry, immediately when said decree of divorce was granted that he and the defendant, (meaning the defendant in error here) mutually agreed that he would not appear in said action, and that he entered no appearance thereto, and that judgment was rendered against him.

This is the showing and the only showing of fraud on which plaintiff in error expects to have the decree of the district court canceled, vacated and set aside. We take the rule to be well established that a party who desires the aid of a court of equity for relief must not himself be in fault. He must not have closed his eyes for the purpose of being deceived, neither should he voluntarily divest himself of his reason, judgment and common sense for the purpose of allowing another to deceive him. "He who seeks equity must come into court with clean hands."

Now, when viewed from the standpoint of common sense and good judgment, is this excuse a reasonable one? A decree of divorce as a manifestation of love and affection is certainly putting the document to a different use than is customary. Her love for him was so great that she wanted a divorce from him, and then to say that he was deceived by such statements is stretching our credulity a little too far. Such statements would be amusing if they were not so disgustingly silly.

It must be seen that he was entering into a conspiracy voluntarily and knowingly to practice deceit and a fraud upon the court. He says in the petition that the allegations in the petition for divorce were untrue; notwithstanding their

42—Vol 12

untruth, he entered into an agreement with the plaintiff in the divorce case to allow such statements to be proved to the court, and a decree rendered against him, and the only excuse he offers is an excuse which seems to us is ridiculously absurd. That a man of ordinary intelligence in the twentieth century of enlightenment, in a land of free schools, thirty-six years old, as he alleges he is in the petition, could be deceived by any such ridiculous propositions as he says were made to him by his wife to induce him to allow the divorce proceedings to go undefended—to concede such a proposition, it seems to us, would be offering a premium on foolish credulity, and giving a reward for treachery and fraud practiced upon courts of justice.

We think, as a mattter of law, the district court of Grant county did right in sustaining the demurrer, and we think as a matter of equity that the plaintiff in error has no standing in this court to ask for the relief sought for.

Finding no error in the record, the decision of the lower court will be affirmed.

All the Justices concurring.