## FAST *et al.* v. ROGERS, *County Treasurer, et al.*

### No. 1212.   Opinion Filed November 18, 1911.

#### (119 Pac. 241.)

1.   **EQUITY—Jurisdiction—Remedy at Law.**  Relief will not be grant-
ed by a court of equity, where at the time there is a plain, specific,
and adequate remedy at law.

2.   **TAXATION—Illegal Assessment—Injunction.**  Where the statutes
provide a plain, specific, and adequate remedy for the correction
of erroneous assessments, a court will not exercise its equity
powers by restraining the collection of taxes due under an alleged
error in assessment, where the complaining party neglects or re-
fuses to avail himself of the remedy provided by statute for the
correction of the error of which he is complaining.

3.   **SAME — Injunction — Remedy by Statute.**  Where a petition
for an order, enjoining the collection of taxes because of an errone-
ous assessment, shows on its face that the complaining party has
refused or neglected to avail himself of the remedy provided by
statute for the correction of erroneous assessments, it is bad on
demurrer for failure to state facts sufficient to entitle complain-
ant to equitable relief.

(Syllabus by Harrison, C.)

*Error from District Court, Muskogee County; John H. King,*
*Judge.*

Action by J. C. Fast and H. H. Bell against Connell Rogers,
County Treasurer, and others.   Judgment for defendants, and
plaintiffs bring error.   Affirmed.

This was an action for an injunction, begun in the district
court of Muskogee county, July 17, 1909, by plaintiffs in error
herein, against the county officers of Muskogee county, restrain-
ing them from collecting taxes alleged to have been assessed
against the public highway, or section line, lying south and along
the tract of land belonging to plaintiffs in error.   The county
attorney of Muskogee county filed a demurrer to plaintiffs' peti-
tion, contending that the petition failed to state facts sufficient
to entitle plaintiffs to the relief prayed for.   On July 17th the
court sustained the demurrer, and ordered the cause dismissed.

On the same day plaintiffs filed a motion for a·new trial, which was overruled by the court, and plaintiffs appeal from the judgment of the court sustaining the demurrer to the petition, and overruling the motion for a new trial.

*N. A. Gibson* and *H. C. Thurman,* for plaintiffs in error.

*Charles West,* Atty. Gen., for the State.

Opinion by HARRISON, C. (after stating the facts as above). There is but one question before this court for determination, and that is, whether the petition stated facts sufficient to entitle plaintiffs to equitable relief.

The material allegations in the petition are: That the plaintiffs were owners of a certain tract of land containing 40 acres, as described in the petition; that during the year 1908 the officers of Muskogee county assessed said tract of land at $700, and that the taxes on said tract for said year, under the tax levy for that year, amounted to $20.78; that a strip of land 1¼ rods in width and one-fourth of a mile in length, lying on the south side of said described land, was, prior to the organization of the state of Oklahoma, reserved and segregated from the said land, for the purpose of using the same as a public highway, under the provisions of the act of Congress, approved June 30, 1902 (Act June 30, 1902, c. 1323, 32 Stat. 500), entitled "An act to ratify and confirm a supplemental agreement with the Creek Tribe of Indians and for other purposes"; that under the provisions of such act said strip of land was reserved from said tract of land for use as a public highway, and that the officers of the township in which said land was located, and the officers of the county of Muskogee, in violation of the rights of plaintiffs, assessed for taxation for said year the said strip of land containing three-fourths of an acre, and charged the taxes thereon, amounting to 38 cents, against the plaintiffs; that on June 15, 1909, plaintiffs tendered to the county treasurer of Muskogee county the amount of taxes due on their tract of land, less the sum of 38 cents, alleged to have been assessed against the strip of land constituting the public highway; that the county treas-

urer refused to accept the tender so alleged to have been made, whereupon plaintiffs made application to the board of county commissioners for a certificate of error, correcting such alleged erroneous assessment; that the county commissioners refused to grant the certificate of error, whereupon plaintiffs filed their petition for a restraining order in the district court, praying that defendants and each of them, in their personal and in their official capacity, be restrained from declaring the said taxes delinquent, and from issuing a tax warrant for the collection of same.

Inasmuch as there is no brief filed by the county attorney of Muskogee county, it is difficult to determine upon what theory it was contended that the petition was bad on general demurrer, or wherein it was contended that the petition failed to state facts sufficient to entitle the plaintiffs to the relief prayed for. Neither the brief of plaintiffs in error nor the brief filed by the Attorney General offers any suggestions as to wherein the petition was defective, but it is argued by the Attorney General in his brief, and very clearly and ably so, that the title to the strip of land composing the public highway is in the state. This contention is conceded by plaintiffs in error, both in their petition in the court below and in their brief here, and, upon the theory that the title to the public highway was in the state, plaintiffs contended that the county officers had erroneously assessed them and charged them with the taxes levied on such strip, composing the public highway. Therefore the question of title to the strip in controversy is not before this court for determination. The questions for this court to determine are: Whether the strip of land composing the public highway was assessed for taxes and charged against the plaintiff, and, if so, whether such assessment and charge were erroneous, and whether, if erroneous, plaintiffs had resorted to and exhausted their statutory remedy for the correction of the erroneous assessment.

The petition charges that their tract of land, containing 40 acres, was assessed at $700, and also charges, in a general way, that the strip of land reserved from such 40-acre tract by Con-

gress· for a public highway was· included in such assessment. It does not appear clearly from the petition whether the county officers had assessed their tract of land at a lump sum of $700, or whether it was assessed at so much per acre, and that the section line or highway along the strip was included in the estimate to make up the number of acres; but from the allegations in the petition, on general demurrer, it reasonably appears that the strip in question was included in the assessment.

There is nothing in the record to show whether such were the facts or not, except the allegations in the petition of the plaintiffs, and such allegations are to be considered as facts on general demurrer. We are of the opinion that in an action at law the petition stated·facts sufficient to warrant the court in correcting the assessment, and if the cause was brought here on appeal from an action for legal redress, we might be inclined to hold that the petition stated a cause of action. ·But from the record here, and from the averments in the petition, taking cognizance of the provisions· of our statutes in such cases, it clearly appears that at the time this action was brought the plaintiffs had a clear, specific, and adequate remedy at law for the correction of the assessment complained of, if such assessment were erroneous.

The Statutes of Oklahoma in force at the time this action was brought (section 3, art. 5, c. 38, of the Sess. Laws 1909), which was approved and became effective March 10, 1909, provides:

"The boards of county commissioners of the various counties of the State of Oklahoma are hereby empowered to correct, either upon the assessment rolls or upon the tax rolls of the county, any double or erroneous assessment of property for taxation for any particular year, in the manner provided in the next section, and not otherwise."

Section 4 provides:

"Whenever at either of the regular meetings of the said boards (in January, April, July or October) upon complaint of the person or persons beneficially interested, their agent or attorney, it shall be made to appear, by the testimony of the claimant, and at least one reputable witness, borne out by the records of the county, that the same property, whether real or personal,

has been assessed more than once for the taxes of the same year, or that property, whether real or personal, has been assessed in the county for the taxes of a year to which the same was not subject, the said board is hereby empowered to issue to the complainant a certificate of error showing that the complaint has been investigated by the said board; that the said board has been satisfied of the truth of the allegations of the said complaint, and direct the same to the county treasurer of their said county, directing the said county treasurer to accept the said certificate as a payment of cash to the amount found by the said board to have been unjustly assessed, which said amount shall be named in said certificate, and shall by the treasurer be credited upon his tax roll, against the tax so found to be erroneous."

Comp. Laws 1909, section 1690, provides:

"From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any person aggrieved, including the county, by its county attorney, upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, conditioned that the appellant will prosecute his or her appeal without delay and pay all costs that he or she may be charged to pay in said district court; said bond shall be executed to the county, and may be sued in the name of the county upon breach of any condition therein."

Section 1691 of the same statute provides:

"Said appeal shall be taken within twenty days after the decisions of said board by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing of the bond as hereinbefore provided, make out a complete transcript of the proceedings of the said board relating to the matter of the decision thereon, and shall deliver the same to the clerk of the district court."

Section 1692:

"Said appeal shall be filed by the first day of the district court next after such appeal, and said cause shall stand for trial at such term."

Section 1693:

"All appeals thus taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined *de novo.*"

Section 1694:

"The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by mandamus or attachment as for contempt."

It is plain from these statutes that at the time this action was brought (July, 1909) the plaintiffs had a complete, specific, and adequate remedy at law for the correction of the wrong complained of, and equally plain upon the face of the petition that such legal remedies had not been exhausted.

It is averred in the petition that plaintiffs applied to the board of county commissioners for a certificate of error, as provided in section 4, art. 5, c. 38, of the Sess. Laws 1909; but it further appears on the face of the petition that, upon the refusal of the county commissioners to correct the assessment alleged to be erroneous, they proceeded at once to a court of equity for relief, instead of exhausting their legal remedy by appealing from the order of the board of county commissionrs to the district court. Upon their failure to appeal as provided by law, the order of the commissioners' court became final, and a court of equity would not have jurisdiction of the matter in controversy.

The Legislature, acting within constitutional limitations, has power to enact rules for the assessment, levy, and collection of taxes, and to prescribe rules of procedure for the correction of erroneous assessments or levies, and, having exercised such power by the enactment of rules by which the officers of the state are to be governed in the assessment, levy, and collection of taxes, and having provided a plain, specific, and adequate remedy for the correction of errors arising thereunder, the state has a right to demand that parties aggrieved by alleged errors of assessment shall have their rights measured, tested, and determined by the rules provided in the statutes; and it would have the effect of nullifying the law and disregarding the statutes for courts of equity to assume jurisdiction in such a case, and grant an order, restraining the collection of taxes, where the error complained of

could be as speedily and adequately determined by the rules of law.

It is a well-settled rule that courts of equity will not act in granting relief where the complainant has a plain, complete, and adequate remedy at law for the adjustment of the wrongs complained of. 22 L. R. A. 699, and notes, in case of *Odlin v. Woodruff,* 31 Fla. 160, 12 South. 227; Am. & Eng. Enc. of Law (2d Ed.) vol. 16, section 6, and cases cited; Cyc. vol. 22, pp. 76-79, and cases cited; *Dows v. Chicago,* 11 Wall. 108, 20 L. Ed. 65; *Milwaukee v. Koeffler,* 116 U. S. 219, 6 Sup. Ct. 372, 29 L. Ed. 612; Story's Equity Pleading (10th Ed.) section 473.

The rule being that courts of equity will not intercede and grant relief where a plain, complete, and adequate remedy is provided by law for the redress of the wrongs complained of, and it appearing on the face of the petition that plaintiffs below had not availed themselves of the remedy provided by law, we think the demurrer was properly sustained, and the cause dismissed.

The judgment is affirmed.

By the Court: It is so ordered.

All the Justices concur.