**BOARD OF COM'RS OF OKMULGEE COUNTY et al. v. ARMSTRONG.**

No. 17478. Opinion Filed Nov. 1, 1927.

(Syllabus.)

1. **Counties—Injunction—Adequate Remedy at Law—Appeal from Board of Commissioners as Remedy Against Payment of Claim by County.**

By section 5834, C. O. S. 1921, as amended by section 1, ch. 43, Session Laws 1923, any person aggrieved at the action of the board of county commissioners in allowing and ordering paid any claim against the county may appeal from the decision of the county commissioners to the district court upon complying with the provisions of said section and the amendment thereto, and such remedy is plain, speedy, and adequate, and equitable relief by injunction against the action of the commissioners in the premises cannot be had.

2. **Same—Injunction Improperly Granted.**

Record examined; held, that under the facts pleaded plaintiff had a plain, speedy, and adequate statutory remedy, by reason of which the court was without jurisdiction to grant equitable relief, and was unwarranted in entering judgment on the pleadings.

Commissioners' Opinion, Division No. 1.

Error from District Court, Okmulgee County; Fred A. Speakman, Judge.

Action by D. V. Armstrong for an injunction to enjoin and restrain the Board of Commissioners of Okmulgee County et al.

from paying a certain county warrant. Judgment for plaintiff on the pleadings. Defendants bring error. Reversed, with directions to dismiss.

A. N. Boatman, Co. Atty., E. T. Noble, S. L. O'Bannon, and Cochran & Ellison, for plaintiffs in error.

A. E. Graham and Geo. C. Beidleman, for defendant in error.

LEACH, C. This action was instituted in the district court of Okmulgee county, by the defendant in error, as plaintiff, to enjoin the payment by the county treasurer of Okmulgee county of a warrant issued by the county clerk in payment of the balance due on the purchase price of an automobile which had been sold to and used by the county engineer, for and on behalf of the county.

After issues joined, plaintiff filed a motion for judgment on the pleadings, which was sustained and a permanent injunction granted, and it is from this order that the defendants below, plaintiffs in error, appeal.

The parties will be referred to herein as they appeared in the court below, inverse to their order here.

The facts necessary to a determination of this appeal follow: Plaintiff alleged in his petition that he was a freeholder and resident taxpayer of Okmulgee county; that the defendants T. A. LaSueur, E. M. Hickman, and E. T. Morgan constituted the board of county commissioners, and that J. R. Jones was the county treasurer of said county; that on August 24, 1925, one H. C. King, as county engineer for the county, purchased a Chrysler roadster automobile from Harley Alkire for the county engineering department of said county, for the sum of $1,050, trading in two used cars belonging to the county; that Alkire filed his claim with the county clerk for said sum, and that on August 24, 1925, he assigned said claim to the defendant Citizens National Bank; that on September 8, 1925, said claim was approved and allowed by the board of county commissioners, and that the county clerk issued a warrant in the sum of $1,050 to the Citizens National Bank in payment of said claim. Plaintiff further alleged:

"Your petitioner further states that the said D. V. Armstrong served a written notice upon the board of county commissioners that he intended to take an appeal from the decision of said board of county commissioners, and after serving said notice upon one member of said board of county commissioners and the defendant Citizens National Bank * * * the said Boatman indorsed in

writing across said notice so served as aforesaid, that he, the said Boatman as county attorney, would not take an appeal in this matter, and signed said indorsement as county attorney of Okmulgee county, and again notified the said Armstrong that his act in indorsing said notice in writing was a sufficient compliance with the law, and relieved the said Armstrong from presenting said petition signed by 15 or more taxpayers.

"Your petitioner further states that, acting upon the advice of the said county attorney, the said D. V. Armstrong, as a taxpayer, attempted to take an appeal to the district court of Okmulgee county, Okla., from said decision of the board of county commissioners. That on the 30th day of January, 1926, the said district court dismissed said appeal by reason of the fact of said petition signed by 15 or more taxpayers not having been presented to said county attorney."

And petitioner further stated that, by reason of the advice of the county attorney, it would not be necessary for petitioner to present the petition of the freeholders as provided by statute; that he had acted and relied upon said advice of the county attorney, and had thereby been prevented and deprived from taking his appeal from the decision of the county commissioners to the district court.

Plaintiff prayed that the defendants be enjoined and restrained from the payment of said warrant for the reason that the same was illegal and void, and that the act of the county commissioners in allowing and approving said claim was illegal.

Defendants Citizens National Bank and the board of county commissioners demurred to the petition on the ground that the court had no jurisdiction of the subject-matter of this action, and upon the overruling of said demurrers the defendant J. R. Jones, county treasurer, answered by way of general denial. The answer of the Citizens National Bank denied each and every allegation of the petition, admitting the personnel of the board of county commissioners, as alleged, and that J. R. Jones was the county treasurer of said county, and admitted that H. C. King, as county engineer of said county, purchased said automobile for the engineering department of said county, and that the balance of the purchase price was $1,050. which claim was by the county commissioners allowed, and warrant duly issued thereon after the claim had been assigned to the Citizens National Bank.

The answer of the board of county commissioners consisted of a general denial, and

for further answer accepted and adopted the answer of the defendant Citizens National Bank.

Plaintiff replied to the answer of the defendants, and thereafter presented to the court his motion for judgment on the pleadings, and the court, on May 1, 1926, sustained said motion and rendered judgment perpetually enjoining and restraining the defendants from the payment of said claim and warrant, from which order and judgment the defendants appeal.

The first assignment of error presented and argued by defendants is:

"(1)  Error of the court in overruling the demurrers of plaintiffs in error to petition of defendant in error."

One of the questions here presented is jurisdiction, defendants contending that plaintiff's only remedy was by appeal from the decision of the board of county commissioners to the district court, as prescribed by statute in such cases provided, and that the plaintiff has no standing in a court of equity.

Section 1 of chap. 43, Session Laws of Oklahoma 1923, amending section 5834, C. O. S. 1921, is as follows:

"From all decisions of the boards of commissioners, upon matters properly before them there shall be allowed an appeal to the district court, by any person aggrieved, including the county by its county attorney, upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, conditioned that the appellant will prosecute his or her appeal without delay, and pay all cost that he or she may be adjudged to pay in the said district court; said bond shall be executed to the county and may be sued in the name of the county, upon breach of any condition therein; Provided, that the county attorney, upon the written demand of at least fifteen (15) freeholders of the county, shall take an appeal from any action of the board of county commissioners when said action relates to the interest or affairs of the county at large or any portion thereof, in the name of the county, when he deems it to be in the interest of the county so to do; and in such case no bond shall be required or given and upon serving the notice provided for in the next section the county clerk shall proceed the same as if a bond had been filed; Provided, further, that if the county attorney shall fail or refuse to appeal after the written demand of the said fifteen (15) freeholders, then any resident taxpayer of the county may be considered a person aggrieved and may appeal upon filing a bond with sufficient penalty as provided in the foregoing portion of this paragraph."

The Legislature, in amending section 5834, C. O. S. 1921, by section 1, ch. 43, Session Laws 1923, supra, did not in any way change the procedure of appealing from decisions of boards of county commissioners, but only added the last proviso, providing that if the county attorney shall fail or refuse to appeal after the written demand of said 15 freeholders, then, and in that event, any resident taxpayer might so appeal, upon filing the proper bond.

From the allegations of plaintiff's petition, hereinabove set out, it will be seen that plaintiff attempted to appeal from the action of the board of county commissioners to the district court, and that the district court dismissed the appeal for the reason that the same had not been taken according to law, in that the plaintiff before appealing to the district court did not present to the county attorney a petition signed by 15 freeholders, as provided by section 1, ch. 43, Session Laws 1923, supra.

The plaintiff in his petition says that he was prevented from taking an appeal in the proper manner, as above provided, because the county attorney informed and advised him that he might proceed with his appeal to the district court without presenting the petition signed by the freeholders, as by law required.

Manifestly, the plaintiff's allegations that he had been misled and erroneously advised by the county attorney, regarding procedure in appealing from said action of the commissioners to the district court, if proven, would not be grounds for granting injunction relief, and a court of equity would not acquire jurisdiction of the matter in controversy.

The one question before this court for determination under this proposition is, Whether or not the plaintiff, although having a statutory remedy, and failing and neglecting to properly exercise the same, may resort to a court of equity.

This court in the case of Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, in the fourth paragraph of the syllabus, held:

"By section 1, ch. 117, Session Laws 1915, p. 169, any person aggrieved at the action of the board of county commissioners in allowing and ordering paid any claim against the county may appeal from the decision of the county commissioners to the district court upon filing a bond as therein required, and such remedy is plain, speedy and adequate, and equitable relief by injunction against the apprehended action of the commissioners in the premises cannot be had."

And in the body of the opinion is found the following:

"The Legislature may prescribe the form of remedy to be pursued in such cases, and may change the same, provided that the aggrieved taxpayer is left an effectual remedy, or one is provided for him, which is all that is necessary, and when such remedy is provided the same is exclusive."

And further:

"Should claims for said alleged illegal expenses be presented to and allowed by the board of county commissioners, the plaintiff would have an adequate remedy in the premises by an appeal from the action of the board to the district court, upon giving bond, as required by section 1, ch. 117, Session Laws 1915, p. 169, amending section 1640, Rev. Laws 1910. Having a complete and adequate remedy at law under this section, plaintiff was not entitled to relief by injunction against any apprehended action of the board of county commissioners in the allowance of said claims. Smith et al. v. Board of Com'rs, 26 Okla. 819, 110 Pac. 669; Fast et al. v. Rogers, 30 Okla. 289, 119 Pac. 241; Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324; Turner et al. v. City of Ardmore et al., 41 Okla. 660, 130 Pac. 1156."

"By section 1, ch. 117, Session Laws 1915, p. 205, any person aggrieved at the action of the board of county commissioners in allowing and ordering paid any claim against the county, may appeal from the decision of the county commissioners to the district court upon filing a bond as therein required; and such remedy is plain, speedy and adequate, and equitable relief by injunction * * * in the premises cannot be had." Board of County Commissioners of Muskogee County v. Dudding, 62 Okla. 51, 160 Pac. 109.

"Where a petition for an order, enjoining the collection of taxes because of an erroneous assessment, shows on its face that the complaining party has refused or neglected to avail himself of the remedy provided by statute for the correction of erroneous assessments, it is bad on demurrer for failure to state facts sufficient to entitle complainant to equitable relief." Fast et al. v. Rogers. Co. Treas., et al., 30 Okla. 289, 119 Pac. 241.

In concluding the opinion in the case of Fast et al. v. Rogers, Co. Treas., supra, this court said:

"The Legislature, * * * having provided a plain, specific, and adequate remedy, * * * the state has a right to demand that parties aggrieved * * * shall have their rights measured, tested and determined by the rules provided in the statutes; and it would have the effect of nullifying the law and disregarding the statutes for courts of equity to assume jurisdiction. * * * It is a well-settled rule that courts of equity will not

act in granting relief where the complainant has a plain, complete and adequate remedy at law for the adjustment of the wrongs complained of."

An early and frequently cited case in this jurisdiction on this question is Wood v. Bangs, 1 Dak. 179, 46 N. W. 586. Section 5834, C. O. S. 1921, providing the remedy by appeal, above quoted, was adopted from the Dakota Territory, and is substantially the same as was in force in that territory at the time that court had under consideration the case of Wood v. Bangs, supra. The Supreme Court of Oklahoma, in the case of Smith v. Board of County Commissioners of Rogers County, supra, in construing the Oklahoma statute, followed the construction placed thereon by the Dakota courts and quoted with approval from Wood v. Bangs, supra.

Plaintiff, defendant in error, cites, among others, the case of Harlow v. Board of County Com'rs of Payne Co. et al., 33 Okla. 353, 125 Pac. 449, in support of his position that he was entitled to equitable relief. The facts in that case apparently involved, among other issues, the threatened levying of an illegal tax and presented a different situation from that in the instant case, and lays down a rule, without confining the same to any particular state of facts, that might appear somewhat in conflict with later decisions, yet, the trend of the later decisions of this court tend, under ordinary circumstances, to limit the aggrieved party to his statutory right of appeal from the action of the board, especially when involving the allowance of a claim against the county.

Both plaintiff and defendants cite the case of Ward et al. v. Board of Co. Com'rs, 114 Okla. 246, 246 Pac. 376, in support of their contentions. From a careful examination of the opinion it does not appear to us to conflict with, but rather sustains, the prior decisions and holdings of this court herein cited and followed.

We believe the better rule to be followed herein is that laid down in Smith et al. v. Board of Co. Com'rs of Rogers County, supra; Fast et al. v. Rogers, Co. Treas., supra; Black v. Geissler, supra; Board of Co. Com'rs of Muskogee Co. v. Dudding, supra; Board of Com'rs of Sequoyah Co. v. McGowan, 104 Okla. 283, 231 Pac. 258; and the other cases herein cited, which all hold to the well, if not universally, established doctrine that, when a party has a plain and adequate remedy at law, he cannot invoke the powers of a court of equity. See, also, Racy v. Racy, 12 Okla. 650, 73 Pac. 305;

Laughlin v. Farris, 7 Okla. 1, 50 Pac. 254; Richardson v. Penny, 6 Okla. 328, 50 Pac. 231; Worley v. Mundell, 123 Okla. 237, 253 Pac. 42.

As disclosed by his petition, the plaintiff was county clerk of Okmulgee county, and well knew of his statutory remedy, and he cannot be heard to set up as grounds for equitable relief that he neglected to follow the plain statutory provisions because he relied upon erroneous information and advice of the county attorney in respect to the proper procedure in appealing from the board of county commissioners to the district court, no fraud or collusion being pleaded as against the board of officers in the allowance of the claim.

For the foregoing reasons, we conclude that the trial court was without jurisdiction of the subject-matter of this action, and that the trial court erred in overruling the defendants' demurrer to the plaintiff's petition.

The judgment is reversed, with directions to dismiss the action.

BENNETT, TEEHEE, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered .

Note.—See under (1) 15 C. J. p. 655, §368; 32 C. J. p. 64, §45; 14 R. C. L. p. 341 et seq.: 3 R. C. L. Supp. p. 214; 4 R. C. L. Supp. p. 898; 5 R. C. L. Supp. p. 760; 6 R. C. L. Supp. p. 813. (2) 32 C. J. p. 246, §386.