## INGRAM et al. v. BOARD of COM'RS of POTTAWATOMIE COUNTY et al.

No. 21058.   Opinion Filed June 17, 1930.

G. C. Abernathy, C. E. Wells, W. L. Chapman, and F. H. Reily, for plaintiffs in error.

Randall Pitman, Co. Atty., and Roy Lewis, Asst. Co. Atty. (Clarence Robison, of counsel), for defendants in error.

CULLISON, J. This is an appeal from the district court of Pottawatomie county, Okla., wherein plaintiffs, J. A. Ingram and others, as taxpayers and property owners in said county, filed their petition for a permanent injunction to enjoin the defendants, the board of county commissioners of Pottawatomie county, and C. E. Pettigrew and J. D. Seay, members of said board, from expending certain funds in the hands of the county treasurer of said county, for the repair and rebuilding of the Pottawatomie county courthouse.

The defendants filed a demurrer to plaintiffs' petition, and the trial court, after a hearing thereon, sustained said demurrer and dismissed the action. From the judgment of the trial court sustaining defendants' demurrer and dismissing the case, plaintiffs appeal to this court.

The material allegations of plaintiffs' original and amended petition are as follows:

Plaintiffs allege that under the provisions of Senate Bill No. 68, Session Laws of 1925, (ch. 13), and House Bill No. 165, Session Laws of 1925 (ch. 140), a tax levy of one mill was made in Pottawatomie county for the purpose of erecting a county courthouse at Tecumseh, and that said tax was so collected; that the provisions of Senate Bill No. 68, supra, have heretofore been held unconstitutional by this court; that two members of said board of county commissioners, constituting a majority, had passed a resolution to expend the money derived from said levy in repairing the old courthouse; that they had passed a resolution employing an architect and directing him to draw plans and specifications to repair the courthouse, and alleged that unless enjoined the board of county commissioners would contract illegal indebtedness and would attempt to repair the courthouse and expend the money derived from the alleged illegal levy for said purpose.

Plaintiffs attached as exhibits to their amended petition the resolution of the board of county commissioners providing for the creating of a courthouse fund in said county, in accordance with and pursuant to the provisions of Senate Bill No. 68 and House Bill No. 165, Session Laws 1925, which acts provide for the transfer of certain funds into said courthouse fund, making other provisions with reference thereto, and declaring an emergency.

Plaintiffs also attach as an exhibit to their amended petition a resolution of said board for the levy of a tax of one mill for courthouse funds, in accordance with Senate Bill No. 68, supra, and further allege that the true intent and purpose in making the alleged illegal levy of one mill was for the sole purpose of constructing a new courthouse and jail, and not to repair the old courthouse.

The plaintiffs in error, who were plaintiffs in the trial court, direct their argument on appeal to the sole proposition that the trial court erred in sustaining defendants' demurrer and in refusing to grant the injunction as prayed for.

The record herein discloses that the relief sought by plaintiffs was the granting of an injunction against the defendants, which, of necessity, involves and invokes the jurisdiction and powers of a court of equity.

The record affirmatively discloses that the plaintiffs seek equitable relief from the action of the board of county commissioners.

It is a familiar rule of law, recognized in this jurisdiction and universally accepted, that when a party has a plain and adequate remedy at law, he cannot invoke the jurisdiction or powers of a court of equity. Black v. Geissler, 58 Okla. 335, 159 Pac. 1124; Fast v. Rogers, Co. Treas., 30 Okla. 289, 119 Pac. 241; Racy v. Racy, 12 Okla. 650, 73 Pac. 305.

Section 5834, C. O. S. 1921, as amended by section 1, ch. 43, Session Laws 1923, clearly provides that from decisions of the board of county commissioners, aggrieved parties have the right of appeal to the district court. Said section provides, in part:

"From all decisions of the board of county commissioners upon matters properly before them there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney, upon filing a bond with sufficient penalty and one or more sureties to be approved by the

county clerk, conditioned that the appellant will prosecute his or her appeal without delay, and pay all costs that he or she may be adjudged to pay in the said district court. * * *"

In construing this statute, the court in Board of Com'rs of Cherokee County v. Hatfield, 121 Okla. 28, 247 Pac. 77, held:

"Section 5834, C. S. 1921, as amended by chapter 43, S. L. 1923, provides: 'From all decisions of the board of commissioners, upon matters properly before them, there shall be allowed an appeal to the district court by any persons aggrieved, including the county by its county attorney. * * *' The foregoing language implies that an issue of some kind must be properly before the board of commissioners for a decision, and that in all matters properly before the board, where an issue is involved, necessitating a decision, and a party or parties are aggrieved by such decision, when made, they have the right of appeal to the district court for a trial de novo. * * *"

The questions raised by plaintiffs' petition, now the subject-matter of this appeal, presented issues properly before the board of county commissioners of Pottawatomie county, necessitating a decision by said board, within the meaning of section 5834, supra.

Resolution No. 134, attached to plaintiffs' amended petition as an exhibit, creates and provides for a courthouse fund in said county in accordance with and pursuant to the provisions of Senate Bill No. 68 and House Bill No. 165, Session Laws 1925, providing for the transfer of certain funds into said courthouse fund, making other provisions with reference thereto, and declaring an emergency.

In the matter now before us, the commissioners decided in favor of reconstructing the Pottawatomie county courthouse, and in their own judgment they construed the above statutes and assumed to exercise authority thereunder.

Conceding the invalidity of Senate Bill No. 68, which had at that time been held unconstitutional, still, under Resolution No. 134, the action of the county commissioners acting under House Bill No. 165, supra, which is a special act creating a courthouse fund for Pottawatomie county and providing that it shall be expended by the direction of the board of county commissioners of said county, their action was, prima facie, good, House Bill No. 165 not having been judicially construed at that time.

It, therefore, follows that the questions raised by the plaintiffs' petition presented issues properly before the board of county commissioners of said county, necessitating a decision by said board, as provided by section 5834, supra, and that the parties aggrieved by such decision had the right of appeal to the district court for a trial de novo, as provided by section 5834, supra.

This court, in Board of Com'rs of Okmulgee County v. Armstrong, 127 Okla. 260, 260 Pac. 758, in construing this same statute, held that the procedure provided therein for appeal to the district court from the action of the commissioners affords a plain and adequate remedy at law; that the jurisdiction of a court of equity cannot be invoked, and that the equitable action of injunction will not lie. The court further said:

"By section 5834, C. O. S. 1921, as amended by section 1, ch. 43, S. L. 1923, any person aggrieved at the action of the board of county commissioners in allowing and ordering paid any claim against the county may appeal from the decision of the county commissioners to the district court upon complying with the provisions of said section and the amendment thereto, and such remedy is plain, speedy, and adequate, and equitable relief by injunction against the action of the commissioners in the premises cannot be had."

This same rule was adhered to by this court in Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, wherein the court said:

"The Legislature may prescribe the form of remedy to be pursued in such cases, and may change the same, provided that the aggrieved taxpayer is left an effectual remedy, or one is provided for him, which is all that is necessary, and **when such remedy is provided same is exclusive.** (Emphasis ours.)

The court in said case further said:

"Should claims for said alleged illegal expenses be presented to and allowed by the board of county commissioners, the plaintiff would have an adequate remedy in the premises by an appeal from the action of the board to the district court upon giving bond, as required by section 1, ch. 117, Session Laws 1915, p. 205, amending section 1640, Rev. Laws 1910. Having a **complete** and adequate remedy at law under **this** section, plaintiff was not entitled to relief by injunction against any apprehended action of the board of county commissioners in the allowance of said claims."

Section 5834, C. O. S. 1921, supra, was adopted from the laws of Dakota, sec. 610, Comp. L. 1887, as amended and carried forward from the 1869 Laws of Dakota, c. 4, sec. 31.

The Supreme Court of Dakota, in the case of Wood et al. v. Bangs (Dak.) 46 N. W. 587, had before it the construction of the

44

Dakota law, which is substantially section 5834, supra, and Justice Barnes, speaking for the. court, said:

"I come now to the consideration of the only remaining question which I regard as important in this case. Section 27, c. 4, Laws of 1869, gives the county commissioners authority and power to erect and repair courthouses, jails, and other county buildings, and expressly authorizes them to make contracts for that purpose. Section 31 of the same chapter authorizes an appeal from the decision of the commissioners upon all matters properly before them, by any person aggrieved, to the district court of the county. Section 34 provides that all appeals taken from the decision of the commissioners shall be docketed as other causes pending therein and the same shall be heard and determined de novo. * * * Here, then, is a plain, simple, sensible, cheap, and adequate remedy given by statute to all persons aggrieved by the action and decisions of the board of commissioners. * * * Here is a plain statute empowering the commissioners to build a courthouse, and the same statute gives all parties aggrieved by the decision of the commissioners the right of appeal. It seems hardly necessary to cite authorities in support of this position that where a statute confers upon public officials authority to do one act, and then the same statute points out the remedy secured or given to all parties aggrieved, the aggrieved party must pursue his legal or statutory remedy, and that such aggrieved party has no standing in a court of equity. See Oelrichs v. Spain, 15 Wall. (U. S.) 227. This is the language of the court: 'It has been insisted by the counsel for the appellants that there is a complete remedy at law and that the bill must therefore be dismissed. Such must be the consequence if the objection is well taken. In the jurisprudence of the United States this objection is regarded as jurisdictional, and may be enforced by the court sua sponte, though not raised by the pleadings nor suggested by the counsel.' * * *"

The Dakota court further held that, even though the commissioners exceeded the statutory authority vested in them, and certain contracts made by the commissioners were void, still, where the statute provided a relief for the aggrieved parties by appeal to the district court, injunction would not lie, the court being without jurisdiction to entertain such action.

In Fast v. Rogers, Co. Treas., 30 Okla. 289, 119 Pac. 241, the court held:

"Relief will not be granted by a court of equity where at the time there is a plain, specific, and adequate remedy at law."

The court in the body of the opinion said:

"The Legislature, * * * having provided a plain, specific, and adequate remedy, * * * the state has a right to demand that parties aggrieved * * * shall have their rights measured, tested, and determined by the rules provided in the statutes, and it would have the effect of nullifying the law and disregarding the statutes for courts of equity to assume jurisdiction. * * * It is a well-settled rule that courts of equity will not act in granting relief where the complainant has a plain, complete, and adequate remedy at law for the adjustment of the wrongs complained of."

Under section 5834, C. O. S. 1921, as amended by section 1, ch. 43, Session Laws 1923, it is clear that at the time this action was brought the plaintiffs had a complete, specific, and adequate remedy at law for the correction of the alleged wrongs complained of, and it being equally plain upon the face of the petition that such legal remedies had not been availed of by the plaintiffs, we are of the opinion, and hold, that the demurrer was properly sustained and the cause dismissed.

The judgment is affirmed.

LESTER, V. C. J., and HEFNER, ANDREWS, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent. CLARK, J., not participating.