In re BUCHER, Co. Atty.

No. 24365. Opinion Filed March 7, 1933.

McKeever, Elam, Stewart & McKeever, for plaintiff in error.

Winfield Scott, James A. Ingraham, and Otjen & Carter, for defendants in error.

BUSBY, J. The facts in this case are not disputed. The record discloses that Dave Bucher, county attorney of Garfield county, filed his claim for the sum of $291.67 for services rendered as county attorney during the month of April, 1932. This amount he claimed was due him by virtue of the provision of section 6461, C. O. S. 1921 (section 8010, O. S. 1931), which section of the statutes according to its terms prescribes the salary of certain county officers in counties having a population of not less than 37,499 and not more than 37,750, as shown by the last federal census. The payment of this claim was protested by R. D. Anderson and 16 other taxpayers of Garfield county. The theory of the protestants was that section 6461, supra, is unconstitutional. The board of county commissioners met, considered the protest, overruled the same and allowed the claim. The protestants then perfected an appeal to the district court of Garfield county from the order of the board of county commissioners determining that the claim should be paid and allowing same. The cause was heard in that court on August 12, 1932, and taken under advisement until September 29, 1932, when the court rendered judgment in favor of the protestants declaring section 6461, supra, unconstitutional, denying the claim and remanding the cause to the board of county commissioners with directions to disallow. From this judgment the claimant (plaintiff in error herein), Dave Bucher, has perfected his appeal to this court.

The plaintiff in error groups his assignments of error under one head, and presents his position to this court in the following language:

"The board of county commissioners of Garfield county, Okla., were without jurisdiction to determine the constitutionality or unconstitutionality of the act in question, and the district court of Garfield county, Okla., on appeal had such jurisdiction only as the board of county commissioners had and no greater, and was therefore without jurisdiction on appeal to determine the constitutionality or unconstitutionality of the act in question."

It will be seen that before we can consider the correctness of the decision of the lower court in declaring section 6461, supra, unconstitutional, we must first decide whether the constitutional question was properly before the district court for determination.

This court has previously held that an appeal may be taken from the action of the board of county commissioners allowing a claim against the county. Board of County Commissioners of Okmulgee County v. Armstrong, 127 Okla. 260, 260 P. 758. In that case this court said in syllabus 1:

"By section 5834, C. O. S. 1921, as amended by section 1, c. 43, Session Laws 1923, any person aggrieved at the action of the board of county commissioners in allowing and ordering paid any claim against the county may appeal from the decision of the county commissioners to the district court upon complying with the provisions of said section and the amendment thereto, and such remedy is plain, speedy, and adequate and equitable relief by injunction against the action of the commissioners in the premises cannot be had."

The earlier authorities in support of this ruling are reviewed in the body of the opinion, and among them may be mentioned the case of Black v. Geissler, 58 Okla. 335, 159 P. 1124.

What limitations are placed upon the district court in passing upon an appeal of this character? Is its jurisdiction appellate purely? Is the scope of its inquiry limited to the scope of inquiry of the board of county commissioners? This court has adopted the view that it exercises appellate jurisdiction only; that it is confined on appeal to the jurisdiction that the board of county commissioners had and that its jurisdiction cannot be extended beyond that exercised by the inferior tribunal. Smith v. Board of Commissioners of Garvin County, 62 Okla. 120, 162 P. 463; Broadwell v. Board of Commissioners of Bryan County, 88 Okla. 147, 211 P. 1040; Parker v. Board of Commissioners of Tillman County, 41 Okla. 723, 139 P. 981.

In announcing the rule in the Parker Case, supra, this court said:

"Upon an appeal from the board of county commissioners, the district court takes appellate jurisdiction only; same being confined to the jurisdiction the board had and none other, to an inquiry, de novo, as to the very matter upon which the board was called upon to act. Such appeal cannot be converted into an action in equity so as to enlarge the jurisdiction beyond that of the inferior tribunal."

The plaintiff in error in this case concedes that an appeal may properly be perfected from an order of the board of county commissioners in allowing a claim, but contends that the only matters which were properly before the board of county commissioners in this case when the case was filed were, "whether or not Dave Bucher

was the duly elected county attorney and whether or not he performed his duties as such county attorney" (quoted from the brief of plaintiff in error), and applies the rule above quoted from the Parker Case, and concludes also that these were the only questions before the district court. In support of his basic contention that the only matters before the board of county commissioners were the questions of whether he was county attorney and whether he had acted as such and in support of his contention that the constitutionality of the statute could not be questioned before that board, the plaintiff in error cites the case of State ex rel. Cruce v. Cease, 28 Okla. 271, 114 P. 251, and the case of Vette v. Childers, 102 Okla. 140, 228 P. 145. The substance of the holding of these two cases was expressed in the following language quoted therefrom:

"Laws are presumed to be and must be treated and acted upon by subordinate executive functionaries as constitutional and legal, until their unconstitutionality or illegality has been judicially established."

This principle of law has been restated in many decisions of this court and is firmly imbedded in our jurisprudence. Its application, however, is limited to executive and to ministerial officers acting as such. The reason for its existence is twofold: First, is to prevent the chaotic condition that would arise if every subordinate executive officer in the performance of ministerial duties should undertake to determine the constitutionality of the statutes. Second, to protect the subordinate executive officers who in good faith in the performance of their duties follow an unconstitutional law. It has no application to the judicial branch of our government. If the action of the board of county commissioners in overruling the protest in this case and in determining that the claim should be allowed was purely ministerial, the rule expressed in State ex rel. Cruce v. Cease, supra, applies. If, on the other hand, that board was, in deciding the propriety of allowing the claim, acting in a judicial or quasi judicial capacity, the rule announced in the Cruce Case does not apply.

The appeal provided by our statute presupposes the existence of a tribunal with at least quasi judicial power. To hold that it was purely ministerial and then to adhere to the rule that the jurisdiction of the district court is limited on appeal to the jurisdiction of the board of county commissioners in considering the matter appealed, would put the district court, and incidentally this court, in the rather odd position of acting purely in a ministerial capacity. We do not believe that such was the intention of our lawmakers, and it certainly does not correspond to the former decisions of this court. As we have already said, an appeal lies from the decision of the board of county commissioners in deciding that a claim should be allowed. Board of County Commissioners v. Armstrong, supra. This court has held that such appeal cannot be taken unless the decision appealed from is judicial in its nature. In the case of Parker v. Board of County Commissioners, supra, this court said:

"It has been very generally held that statutes of this nature providing generally for appeals from the action of the county boards is confined to decisions involving the exercise of the judicial power and discretion lodged in such boards, and that it does not include the right of appeal from the action of the board where such action is ministerial, or is had in the exercise of the administrative power or functions of the board. It was so held in Territory v. Neville, 10 Okla. 79, 60 P. 790, where numerous decisions are cited and discussed by the court. In that case it was held: 'The action of the board of county commissioners in ordering an election to determine the location of a county seat is a ministerial act, and not a judicial decision, in which an appeal lies to the district court.' As to ministerial or executive duties, see Jamieson v. State Board of Medical Examiners, 35 Okla. 685, 130 P. 928. In 11 Cyc. beginning at page 405, in discussing the question of appeals from county boards, it is said: '* * * But in most jurisdictions express statutory provision is made for the taking of appeals from such decisions and orders, where they are final, judicial in their character, and are made in regard to matters affecting the rights of an individual as distinguished from the public. If, however, in rendering its decision the board acts in a purely ministerial or administrative capacity, no appeal will lie.'"

The rule that an appeal lies only from decisions of the board judicial or quasi judicial in their nature is again recognized in the case of Board of Commissioners v. Hatfield, 121 Okla. 28, 247 P. 77. It will be readily seen that these two decisions can only be harmonized with the holding in the Armstrong Case, supra, by holding that the decision of the board to allow a claim is judicial or quasi judicial in its nature, and thereby places the action of the board in so deciding outside the field of a purely ministerial act. It, therefore follows that

the reason for an application of the rule announced in the case of State ex rel. Cruce v. Cease, supra, does not apply.

We are aware that this holding may appear to conflict with some of the language quoted from the Kansas court by our court in the case of Board of County Commissioners of Atoka County v. Cypert, 65 Okla. 168, 166 P. 195, the gist of which language is contained in the following quotation:

"But when they (referring to board of county commissioners) allow or disallow a claim against their county—against their principal—they do not act in a judicial capacity."

As above stated, this language was quoted from the Kansas court, and in this connection it should be borne in mind that the view taken by the Kansas court with reference to the jurisdiction of the district court on appeals of this character is entirely different from the decisions of our court. As heretofore mentioned, the Kansas court holds that the appeal provided for is merely a means of getting into court and that the power of the board is not a limitation upon the authority of the district court. Example of this view is expressed in the case of Routh v. Board of Commissioners of Finney County (Kan.) 113 P. 397, where in the syllabus, paragraph 1, the court said:

"The board of county commissioners in passing upon claims against the county does not exercise a strictly judicial function; the appeal which the statute gives from its disallowance of an account is merely a method for getting the controversy into court. The district court upon such an appeal exercises original jurisdiction, and may adjudicate a question of title to real estate if the validity of the claim is affected thereby."

Our own court in the Cypert Case exhibited a tendency to lean toward the rule adopted by the Kansas court, and used the following language:

"Hence the authorizing of an appeal from the action of the board is merely a statutory method afforded the claimant, which, if pursued, will give the district court jurisdiction of the county—bring the county or its authorized agents into court, so that there may be a judicial ascertainment of the rights of the parties."

This language, however, was not decisive in the Cypert Case, and this tendency to depart from the Oklahoma view that the jurisdiction exercised by the district court is appellate purely does not appear to have found favor in the other decisions of our court, as we have previously said. The Cypert Case recognizes the fact that the county commissioners necessarily exercise quasi judicial powers. We quote syllabus 5:

"Boards of county commissioners in this state necessarily exercise quasi judicial power arising from the discharge of their duties and inherent in the nature of their office, but such boards do not exercise purely judicial power. Though not appealed from, the action of such a board in disallowing a claim does not become res judicata."

It should also be noted while we are considering the Cypert Case that this court therein defined quasi judicial and judicial powers. We quote from the opinion as follows:

"There is a distinction between acts that are quasi judicial and those that are purely judicial. A quasi judicial power is one imposed upon an officer or a board involving the exercise of discretion, judicial in its nature, in connection with and as incidental to the administration of matters assigned or intrusted to such officer or board. A good definition of a purely judicial act is found in 4 Words and Phrases (First Series) p. 3848.

" 'A judicial act is an act done by a member of the judicial department of government in construing the law or applying it to a particular state of facts presented for the determination of the rights of the parties thereunder'."

It should be observed at this time that this court has taken the view that the disallowance of the claim by the county commissioners is not such a judicial determination of the controversy as will preclude suit thereon. Walker Taylor Co. v. Board of County Commissioners of Oklahoma County, 125 Okla. 226, 257 P. 324. This is based on the reasoning that the action of the board, although quasi judicial in its nature, is not strictly judicial. However, the appeal to the district court provided for is considered strictly a judicial proceeding. Board of County Commissioners v. Armstrong, heretofore cited..

We must therefore hold that the action of the board of county commissioners in allowing a protested claim is quasi judicial in its nature, and upon appeal ripens into a strictly judicial proceeding. We are not holding, however, that any aggrieved taxpayer in a proper case may not also have the right to injunctive relief under the provisions of section 420, C. O. S. 1921 (O. S. 1931, sec. 723).

Bearing in mind the contention of the plaintiff in error herein that the only mat-

ters to be decided by the board of county commissioners were the questions of fact: First, whether the claimant was county attorney; second, whether he had performed the services as such, let use pause to consider the Armstrong Case, supra. In that case the plaintiff sought to attack a claim filed for a car purchased by the county engineer for the county engineering department, the plaintiff admitting the purchase of the car and the purpose thereof. The question raised was the legality of such purpose. This court held that the legality of the claim could only be attacked before the board of county commissioners, or on an appeal therefrom, thereby directly holding that questions of law were properly cognizable by the board of county commissioners in these proceedings.

Our attention has been directed to the case of Wade v. Board of County Commissioners of Harmon County, 161 Okla. 245, 17 P. (2d) 690, that the board of county commissioners could not be held liable for paying out money under an unconstitutional law. This decision takes the case of State ex rel. Cruce v. Cease as authority for holding that the county commissioners were not liable on such a claim. We do not regard the view announced herein to be in conflict with the result approved in that case. It may be fairly stated that the act of making the payment is ministerial in its nature and warrants the application of the doctrine of State ex rel. Cruce v. Cease, that it is the decision to allow a claim that precedes the payment which is of a judicial nature. The result in the Wade Case may also be justified on the ground that officers exercising judicial powers are not liable for erroneous decisions. The question of whether or not injunctive relief was appropriate in view of the existence of a remedy by appeal does not seem to have been raised in that case. It is our conclusion from a careful review of the foregoing authorities that the decision of the board of county commissioners in determining that a claim should be allowed partakes of a judicial character; that in making such a determination the board is not bound to follow an unconstitutional law, and that the district court on appeal is not bound to follow an unconstitutional law. We pause to say, however, that boards of county commissioners should be extremely careful in deciding that a law is unconstitutional, and in cases where there is any doubt at all it is the better policy to treat such law as constitutional, leaving questions of constitutionality in all doubtful cases to judicial tribunals.

Having determined that the district court in the exercise of appellate jurisdiction has a right to pass upon the constitutionality of the section of the statutes herein involved, we now pass to the consideration of the decision of the trial court in declaring section 6461, C. O. S. 1921, unconstitutional. The pertinent portion of this section reads as follows:

"In all counties in this state having a population of not less than 37,499, and not more than 37,750, as shown by the last federal census, the county attorneys of any such counties on and after January 4, 1923, shall be paid an annual salary of $3,500."

The decision of the trial court on this section appears in the case-made in the following language:

"I am holding now that the act is unconstitutional for two reasons, and that it is arbitrary and capricious for two reasons: First, that the provision which makes the 1920 census the arbiter of the classification and gives the statute rigidity and prevents elasticity from it; it is capricious for that reason; and, second, that it is capricious because it is not supported by any substantial reason."

We observe that the plaintiff in error in his brief confines his argument to jurisdictional questions and does not undertake to urge the constitutionality of the section above referred to.

The act purports to affect only counties of the state having a population between 37,449 and 37,750. Garfield county, by the census of 1920, fell within the provision of the act. The general salary act for county attorneys is section 7833, Okla. Stat. 1931. It fixes the salary on a sliding scale according to population of the various counties. Under its provisions the county attorney in a county of 40,000 would receive a salary of $2,400; in a county having 50,000 population the county attorney would receive $2,500. We can see no sound reason why a county with a population of 37,750 should be excepted from the operation of the general law and receive for his compensation $3,500 per year, when the salary of a county attorney of a county having a population of 50,000 is only $2,500. We, therefore, conclude that the classification undertaken to be made by section 6461, supra, is arbitrary and capricious, and renders the act unconstitutional. At this point we might

mention that this section of the statute was enacted as a general law, and there was no publication of the contemplated passage of the act as required by section 32, art. 5, of the Constitution.

Under the reasons announced in the case of Caddo County v. Chicago, R. I. & P. Ry. Co., 155 Okla. 32, 7 P. (2d) 900, and Wade v. Board of County Commissioners of Harmon County, supra, we hold section 6461, C. O. S. 1921, to be invalid.

The trial court held that the act was unconstitutional for the additional reason that it was not prospective in its provisions; that since it was passed in 1921, and adopted a classification based upon a population of the "last federal census," it, therefore, referred only to the census of 1920. If this were a proper interpretation of the phrase "last federal census," it would be additional ground of invalidity. However, that is not the proper construction of the term "last federal census." This phrase has been determined by this court to be prospective in effect, and to contemplate future changes in population. Board of County Commissioners of Coal County v. Matthews, 147 Okla. 296, 296 P. 481. The trial court was, therefore, in error in deciding that the law was not prospective in its effect. However, this does not change the result, as we have already said that the statute is invalid for other reasons.

In this connection we take judicial knowledge that the population of Garfield county, as shown by the federal census of 1930, was 45,588. This became effective in 1930, and even if the section of the statutes under consideration were constitutional, it had no bearing on the salary of the officers of Garfield county after the census of 1930 became effective. The salaries of public officers were fixed by the census of 1930 as soon as the census became effective. Board of County Commissioners v. Matthews, supra.

We, therefore, conclude that section 6461 was unconstitutional; that even if constitutional, it did not govern the salary of officers in Garfield county in April, 1932; and that the district court in the exercise of appellate jurisdiction had authority to determine the constitutionality of the law. The judgment of the trial court will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. McNEILL, J., absent.